(101 So. 335)

MOULTRIE v. STATE. (4 Div. 973.)

(Court of Appeals of Alabama. Sept. 2, 1924.)

1. Intoxicating liquors ☜236(19) — Evidence of presence at still not sufficient to support conviction.

Evidence that accused was discovered lying down close by a still was not sufficient to support a conviction for manufacturing liquors or having possession of a still.

2. Criminal law ☜561(2)—Proof of guilt beyond reasonable doubt necessary for violation of liquor laws.

In prosecution for violation of liquor laws, as in other criminal cases, guilt of accused must be proved beyond a reasonable doubt.

Appeal from Circuit Court, Pike County; Arthur E. Gamble, Judge.

Fenn Moultrie was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Ballard & Brassell, of Troy, for appellant.

Defendant was entitled to the affirmative charge. Hanson v. State, 19 Ala. App. 249, 96 South. 655; Guin v. State, 19 Ala. App. 67, 94 South. 788; Farmer v. State, 19 Ala. App. 560, 99 South. 59; Biddle v. State, ante, p. 49, 100 South. 572.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no error in the record.

FOSTER, J. The appellant was convicted for "aiding and abetting" the manufacture of prohibited liquors.

[1] The state's evidence was directed to showing that one Corley was caught at night operating a still. Appellant and another negro were near the still, appellant lying on the ground half asleep, his head resting in his hand. Earlier during the night of the raid by the officers, some of the state's witnesses heard some one whom they did not see cutting wood near the still. There is no dispute in the evidence that Corley was manufacturing liquor at the still.

There was evidence that defendant went to the still between 10 and 11 o'clock to get some whisky, and that he had nothing to do with the operation of the still. There was no evidence of any act or word of defendant connecting him with the operation of the still. One Corley who was jointly indicted with defendant testified that he (Corley) was operating the still and that defendant had nothing to do with its operation nor did he have any interest in it.

Evidence that the defendant was discovered lying down on the ground near a still or within 8 or 10 feet of it, without anything more, does not meet that high measure of proof necessary to convict for manufacturing prohibited liquors, or having in his possession a still. Guin v. State, 19 Ala. App. 67, 94 South. 788; Hanson v. State, 19 Ala. App. 249, 96 South. 655.

[2] This defendant may be guilty; but the same rules of evidence obtain in prosecutions for the violation of the Prohibition Laws as in other criminal cases, and the state is required to prove by the evidence beyond a reasonable doubt the guilt of the defend-

ant, before a conviction can be had. There is nothing in this case but suspicion to connect this defendant with the manufacture of liquor. The state's testimony fails to show that he was in any way connected with the manufacture of liquor, but, on the contrary, shows that he was merely at the still lying down, and, according to the defendant's testimony, waiting for a drink of whisky.

At the most, the facts disclosed by the evidence could raise merely a suspicion, surmise, or conjecture that this defendant was guilty of aiding and abetting the manufacture 'of liquor, and this is not sufficient upon which to predicate a verdict or judgment of guilt.

A number of questions are presented upon this appeal, but as the evidence as a whole adduced upon the trial is insufficient upon which to predicate a judgment of guilt of the accused, the reversal of the judgment of conviction appealed from will rest upon the error of the court refusing the general affirmative charge requested in writing by defendant.

Reversed and remanded.