(104 So. 884)

## MATTHEWS et al. v. STATE. (8 Div. 341.)

(Court of Appeals of Alabama. June 30, 1925.)

Intoxicating liquors &#9758;236(4)—Mere presence of accused at still not sufficient to justify conviction.

In prosecution for violation of prohibition law, mere presence of accused at still at time of raid, with nothing more, *held* not sufficient to justify conviction.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

George Matthews and F. C. Stoffle were convicted of violating the prohibition law, and they appeal. Reversed and remanded.

R. E. Smith, of Huntsville, for appellants. Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. These two appellants were jointly indicted with two others, not on trial. They were convicted, under a general verdict of guilty returned by the jury, and appeal.

Several exceptions were reserved to the rulings of the court on the trial, but the refusal by the court to give the affirmative charge requested by defendants constituted reversible error, therefore there is no necessity of discussing other questions presented.

No brief has been filed in behalf of the appellants. However, it is conceded by the Attorney General representing the state in this court that the evidence adduced upon the trial of this case, failed utterly to meet the burden of proof resting upon the state, and that such evidence cannot support the verdict, or sustain the judgment of conviction appealed from. The evidence in its most damaging phase to defendants merely disclosed their presence at the still in question at the time of the "raid of the still" by the officers. There is no testimony showing or tending to show any participation by these defendants in the operation of the still, nor were any facts proven to connect either of them with the possession of the still. The mere presence of a defendant at a still, without more, is not sufficient to justify a conviction. Moultrie v. State (Ala. App.) 101 So. 335;[1] Guin v. State, 19 Ala. App. 67, 68, 94 So. 788; Hanson v. State, 19 Ala. App. 249, 250, 96 So. 655.

Under all the evidence in this case, these two defendants were entitled to be discharged as a matter of law.

The cause is reversed and remanded.

Reversed and remanded.

