# Carson v. The State.

### Indictment for Murder.

1. *Competency of juror, as affected by belief of defendant's guilt.* — A person called as a juror in a criminal case, who states " that he believed the defendant guilty from what he had heard, but, if the evidence should show him to be innocent, his belief

[Carson *v.* State.]

would not bias his verdict, and he would do what was right" (Rev. Code, § 4180), is competent as a juror.

2. *Evidence of character.* — The rule of law is settled in this State, that evidence of good character is admissible for the defendant in a criminal case, not only where a doubt exists on the other proof, but to generate a doubt of his guilt.

3. *Giving charge as asked.* — The statute requiring a charge asked, if it asserts a correct legal proposition, "to be given in the terms in which it is written" (Rev. Code, § 2756), is imperative; and the refusal to give it is an error, for which the judgment will be reversed, although the court gave another charge asserting substantially the same legal proposition.

FROM the Criminal Court of Butler.

Tried before the Hon. W. H. CRENSHAW.

The defendant in this case was indicted, jointly with Robert Hudson and Clarissa Patton, for the murder of Joseph Taylor; was tried separately, on issue joined on the plea of not guilty, convicted of murder in the first degree, and sentenced to be hanged. " During the organization of the jury," as the bill of exceptions states, "one W. W. Wilkinson, who had been regularly summoned and drawn as a juror, being asked by the court, whether he had a fixed opinion as to the guilt or innocence of the defendant, replied, ' that he believed him to be guilty from what he had heard.' The court again propounded the same question, and further asked said juror, ' if the evidence should turn out *not* to be as he had heard, and should show the defendant to be an innocent man, would his belief then bias his verdict?' to which the juror replied, ' that if the evidence should show the defendant to be innocent, his belief would not bias his verdict, and he would do what was right.' The defendant thereupon objected to said juror as incompetent, but the court overruled the objection, and the defendant excepted." The said Wilkinson was afterwards peremptorily challenged by the defendant, and the jury was completed before the defendant had exhausted his peremptory challenges.

On the trial, as the bill of exceptions further shows, the defendant adduced evidence of his good character; and the court charged the jury, in reference to this evidence, " that good character, when proved, was a good thing, and that they might look to the good character of the defendant in this case, as proved, as independent testimony to generate such a doubt as would authorize them to acquit, when, without it, they would be compelled to convict." The defendant afterwards requested the following charge : " Good character, if proved, may sometimes have the effect to generate such a doubt as would authorize an acquittal, even when the jury would otherwise have entertained no doubt; and whether such proof is to have such effect, in any case, is a matter entirely for the jury." The court refused to give this charge, and the defendant excepted to its refusal.

The overruling of the defendant's objection to the compe-

[Carson *v.* State.]

tency of Wilkinson as a juror, the refusal of the charge asked, and other matters which require no particular notice, are now assigned as error.

HERBERT & BUELL and OSSIAN POSEY, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The law excludes from the jury all who can be said to have prejudged the issue they are required to try, or who hold opinions as to the matters in issue which disqualify them from rendering the verdict the law demands; a verdict not founded on preconceived opinions, or partiality for or prejudice against the accused, but a verdict according to the evidence delivered on the trial. At common law, there was much diversity of opinion, as to the inquiries proper to be made of one called as a juror, to ascertain whether he had prejudged the issue, or was disqualified because of opinions formed or expressed as to the matter in issue; nor were the authorities uniform in determining the character of the opinion which would exclude a juror — whether it should have been formed on a knowledge of the facts, and how that knowledge was derived. At common law, this cause of challenge could become a collateral issue in a criminal case, proved or disproved by other evidence than the testimony of the proposed juror, and the fact ascertained under the charge of the court, by triers summoned for that purpose. Our statute (Rev. Code, §§ 4180–81) is designed to establish a certain and uniform rule for ascertaining whether the proposed juror is or is not subject to exception, because of the opinions entertained by him, and to avoid the delays incident to the trial of a collateral issue to determine that question. Therefore, the juror is only required to answer, whether he has a fixed opinion as to the guilt or innocence of the defendant, which would bias his verdict. The question is addressed, and the answer is left to his sworn conscience. No matter whether the opinion has or has not been expressed; no matter how it was formed, — whether upon a mere rumor, or upon a personal knowledge of the facts, or a knowledge derived from those in whom he has confidence, — if it is fixed, and will bias his verdict, he is incompetent. If the juror feels, and can declare on his oath, that, though he has an opinion, that opinion is not fixed; that it can be changed by evidence; that it will not bias his verdict, which must be founded alone on the evidence; such opinion does not disqualify him. The existence, or non-existence, of this cause of challenge, is shown alone by the evidence of the juror. Doubtless, if a juror who has a disqualifying opinion should

[Carson *v.* State.]

falsely declare that he has not, and thus procure admission into the jury-box, with a view to the defendant's conviction, the court would, on a proper application, supported by proper evidence, set aside the verdict against the defendant, and grant a new trial.

Our statute has relieved us from the many objections to jurors, sometimes seemingly narrow, if not captious, which are made and forced upon judicial decision, in the absence of such statutes, and which often embarrass rather than promote the impartial administration of the criminal law. The juror in this case answered substantially, if not categorically, that he had not a fixed opinion which would bias his verdict; that he believed the defendant guilty from what he had heard, but, if the evidence showed him to be innocent, his belief would not bias his verdict, and he would do what was right. Under our statute, a belief, or opinion, does not disqualify. There must be a fixed opinion, which would bias the verdict. An opinion subject to be changed by the evidence, which would not affect the verdict, unless the evidence corresponded to the facts upon which the opinion was founded, does not disqualify. The juror declared himself competent, when he declared that, though he believed the defendant guilty on mere hearsay, yet, if the evidence showed him to be innocent, this belief would be dissipated, would not bias his verdict, and he would do what was right.

Nor can it be justly argued, that the condition of the juror's mind was such as to require the defendant to show his innocence, in order to change the belief of the juror. Suppose the accused is put on his trial, and no criminating evidence is offered against him, is it fair to presume, from the answer of the juror, that he would then have substituted his belief in the place of the evidence of guilt which the State had not given, and insist on a verdict of guilty, in opposition to the charge of the court, that the legal presumption of the innocence of the accused entitled him to a verdict of acquittal. Or suppose that evidence was offered, but not of that clear and convincing nature required by law to countervail the legal presumption of innocence; can it be fairly supposed that, under the instructions the jury would have received from the court, the juror would have permitted his belief, founded on hearsay, to supply the deficiencies of the evidence? Again, in legal contemplation, a person accused of crime is shown to be innocent, when the evidence of the prosecution does not establish his guilt beyond a reasonable doubt; therefore, an accused person may be shown to be innocent without the introduction of any evidence by him; and we cannot deem it fair to infer, from the answer of the juror, that he required the defendant by evi-

[Carson v. State.]

dence to show his innocence in order to relieve him from the belief of guilt entertained by the juror from what he had heard. We cannot say that the court erred in holding the juror competent.

2. It is the settled law of this State, that in all criminal prosecutions, whether for a felony or a misdemeanor, the accused may offer evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a doubt of his guilt. *Felix* v. *The State*, 18 Ala. 720 ; *Harrison* v. *The State*, 37 Ala. 154; *Dupree* v. *The State*, 33 Ala. 380 ; *Hall* v. *The State*, 40 Ala. 698. The charge given by the court, and the charge asked and refused, in effect assert the same legal proposition. Each accords to evidence of good character the same force and influence. Each directs the attention of the jury to it, as a fact capable of generating a reasonable doubt of the guilt of the accused, though, without it, the evidence established his guilt. Each properly left it to the jury to determine the influence they believed the good character should exert. Uninfluenced by the statute, we should be compelled to declare that the refusal of the charge did not injure the defendant, as the court had already given it.

3. But the statute imperatively requires, that a charge to the jury which asserts a correct legal proposition, and which is not abstract, must be given in the terms in which it is asked. Rev. Code, § 2756. The construction given to this statute by this court is, that the doctrine of error without injury cannot be applied to the refusal of such a charge, although the legal proposition asserted in it was substantially embraced in a previous charge of the court. *Polly* v. *McCall*, 37 Ala. 20. The statute confers on the party an absolute, unqualified right to a charge which asserts a correct legal proposition, and which is applicable to the evidence, in the terms in which he may frame it. The right is placed beyond judicial control and denial. In refusing this charge, we are compelled to declare that the court erred.

As this error operates a reversal of the case, we decline to consider other matters insisted on by counsel, which can hardly arise on another trial.

The judgment is reversed, and the cause remanded. The prisoner will remain in custody until discharged by due course of law.