## GUIN v. STATE. (6 Div. 159.)

(Court of Appeals of Alabama. Dec. 19, 1922.)

**1. Intoxicating liquors ☞226—Ordinary rules of evidence apply in prosecutions.**

The same rules of evidence apply in cases involving the violation of the prohibition laws as apply in all other criminal cases.

**2. Intoxicating liquors ☞236(19)—Evidence held insufficient to sustain conviction for manufacturing or for possessing a still.**

Evidence that defendant was at the home of another when the witnesses for the state entered it and found a still there, without any evidence tending to show he did anything in connection with the still, is insufficient to sustain a conviction for manufacturing intoxicating liquor or for possessing a still.

**3. Criminal law ☞560—Evidence raising mere suspicion is insufficient.**

Evidence which merely raises a surmise or suspicion as to defendant's guilt is insufficient to sustain a conviction under the well-established rule that the proof is insufficient if the conduct of accused is, upon a reasonable hypothesis, consistent with his innocence.

**4. Criminal law ☞308—Presumption of innocence remains until guilt is legally proved.**

Every person accused of crime is presumed to be innocent, and this presumption attends him until his guilt has been legally proved.

**5. Criminal law ☞561(1)—State must satisfy jury beyond a reasonable doubt and to a moral certainty.**

To establish the guilt of one accused of crime the state must satisfy the jury beyond a reasonable doubt and to a moral certainty, after a consideration of all the evidence, that the defendant is guilty.

**6. Criminal law ☞720(10)—Evidence held not to authorize prosecutor's statement defendant was assisting in operation of still.**

Evidence that defendant was present at the home of another when the officers entered

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and found a still, without any evidence that he was in any way operating or assisting to operate the still, does not warrant a statement by the deputy solicitor in argument that defendant was assisting in the work at the still.

Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge.

Gilbert Guin was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

In his argument to the jury the deputy solicitor stated:

"The defendant was there assisting in the work at this still."

Defendant objected to and moved to exclude this statement from the consideration of the jury, which motion and objection the trial court overruled.

Wilson Kelley, of Vernon, for appellant.

The party having the burden of proving a fact must produce evidence sufficient to overcome opposing presumptions. Defendant was entitled to the affirmative charge; the state having failed to make out a prima facie case. 23 C. J. 19; 155 Ala. 52, 46 South. 273.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] In Clark v. State, 18 Ala. App. 217, 90 South. 16, this court said:

"The same rules of evidence apply in cases involving the violation of the prohibition laws in its several phases as it does in all other criminal cases, and there should be no differentiation in the application of these rules simply because the accused is charged with this character of offense."

The above statement is pertinent to the case at bar, for the transcript before us is absolutely devoid of any evidence to sustain the verdict of the jury or the judgment of guilt pronounced in this case; nor is there any evidence from which the guilt of the defendant could be inferred.

The indictment contains three counts. Count 1 charged the defendant with distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages a part of which was alcohol. Counts 2 and 3, in different language, charged him with the offense of possessing a still, etc.

[2] The state's testimony to sustain these charges consisted of that of two witnesses, R. H. Anderson, the sheriff, and one J. C. Elledge. These witnesses testified that on a certain night they went to the home of one Lige Dollar, found something that looked like a still in one of the rooms of his dwelling house, and that this defendant and one Claude Haney and Lige Dollar were in the house, and that Lige Dollar said it was his house. Witness Elledge testified on cross-examination: "I didn't see Gilbert Guin handle anything there." There was no testimony showing or tending to show that this appellant said or did anything whatever in connection with the still, and the only evidence against him was that he was simply at the house of Lige Dollar at the time the state witnesses went into the house.

[3] We do not think this evidence is sufficient to even support a surmise or raise a suspicion of the defendant's guilt. But, if his mere presence at the home of Dollar did have the result to offer a surmise or raise a suspicion of the defendant's guilt, that would not suffice; for there is no rule of evidence which permits or justifies the conviction of one accused of crime where from the evidence his guilt is left in a state of uncertainty or is dependent upon conjecture, probabilities, or suspicion.

The well-established rule in criminal cases is that the proof is insufficient to warrant a verdict of guilty, if the conduct of the accused is, upon a reasonable hypothesis, consistent with his innocence.

[4] Every person accused of crime is presumed to be innocent, and this presumption attends the accused until his guilt has been legally proved.

[5] In order to legally prove the guilt of one accused of crime, the state is under the burden of meeting the measure of proof the law requires, which is to satisfy the jury beyond a reasonable doubt and to a moral certainty, after a consideration of all the evidence, that the defendant is guilty.

We are of the opinion that the facts proved by the state as set out in the record cannot fairly be said to be inconsistent with the defendant's innocence. or sufficient to overcome, prima facie, the presumption of innocence. As there was an absence of evidence to authorize a conviction, the affirmative charge should have been given as requested.

The Attorney General, representing the state upon this appeal, very candidly, and we think properly, confesses error in the refusal of the affirmative charge to the defendant, on the ground that there was no testimony to justify a conviction.

[6] From what has been said above it follows that the court erred also in not sustaining the objection to the unauthorized statement of the deputy solicitor in his argument to the jury, and in overruling the motion of defendant to exclude same from their consideration.

The ruling of the court on motion for new trial is not presented for review, as no exception was reserved in this connection as shown by the record.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.