(95 South. 563)
**SEIGLER v. STATE.** (8 Div. 1000.)

(Court of Appeals of Alabama. March 6, 1923.)

**1. Intoxicating liquors ⬸236(4) — Evidence held not to show defendant was in possession of a still.**

Evidence that a still discovered by the officers was not on defendant's land but was about 1½ miles therefrom, and that, while the officers were watching the still, defendant in company with another man came into that vicinity, went into an inclosure near the still, and started to stir some beer, *held* not to show possession of the still by defendant.

**2. Intoxicating liquors ⬸233(1) — Possession by defendant of loaded gun not competent on issue of possessing still.**

In a prosecution for unlawfully possessing a still, evidence that defendant, when he came into the vicinity of the still, had with him a gun which was loaded, was irrelevant to any issue and should have been excluded.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

John Seigler was convicted of possessing a still, and he appeals. Reversed and remanded.

Joe Starnes and John A. Lusk & Son, all of Guntersville, for appellant.

The evidence was insufficient to convict defendant. 18 Ala. App. 245, 90 South. 277; 89 South. 98; 18 Ala. App. 217, 90 South. 16; 18 Ala. App. 116, 90 South. 135; 90 South. 42; 92 South. 94; 18 Ala. App. 470, 92 South. 914; 93 South. 214; 18 Ala. App. 566, 93 South. 59; 89 South. 306.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The prosecution in this case was by indictment in two counts; the first charging that the defendant manufactured liquor, and the second that he had in his possession a still, etc. After the evidence was all in, the state, by its solicitor, with the consent of the court, eliminated the charge under the first count for lack of evidence to sustain it, and the cause proceeded to judgment under the second count.

[1, 2] In order for the state to sustain a conviction under this count, it must establish by evidence, beyond a reasonable doubt, that the defendant had in his possession a still or other apparatus described in the statute. In this case the officers found a still about 1½ miles from the defendant's residence in a wood on the side of the mountain. There was some beer near the still in an inclosure of poplar poles. The still was not on defendant's land, nor was he shown to be in any way connected with its possession, by any fact leading up to the discovery of the still by the officers. The officers, being in hiding near the still, saw defendant, who had a gun on his shoulders, in company with another man, coming in the direction of the still, and, when the two had gotten to the inclosure where the beer was, the defendant put his gun down and went inside the inclosure, looked in one of the boxes containing beer, and "kinder stirred it with a pole." The still was not in the inclosure, and the defendant, so far as the evidence

---

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

shows, did nothing towards showing possession or exercising any dominion over it. The defendant and his companion were in a pathway leading by the still. Defendant was then and there arrested by the officers and denied ownership, possession, or knowledge of the still. The fact that defendant had a gun, and that it was loaded, was certainly not calculated to shed any light on the possession of the still and should have been excluded. The motion for new trial should have been granted. The judgment is reversed and the cause is remanded.

Reversed and remanded.