### HANSON v. STATE. (6 Div. 47.)

(Court of Appeals of Alabama. May 29, 1923.)

1. Criminal law ⟶737(2)—Where evidence of venue is conflicting, question is for jury.

Where there is no evidence of venue, the question is one for the court, but if there is evidence and it is in conflict question is for the jury.

2. Criminal law ⟶561(2)—Guilt of one accused of liquor law violations must be established beyond reasonable doubt.

In a prosecution for the violation of prohibition laws, the burden is on the state to establish defendant's guilt beyond a reasonable doubt.

3. Intoxicating liquors ⟶236(19)—That defendant found near still insufficient to sustain conviction for manufacture of liquor or possession of still.

Evidence that defendant was found standing six or eight feet from a still, without more, is not sufficient to warrant a conviction for manufacturing prohibited liquors or possessing a still.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

A. B. Hanson was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Brown & Griffith, of Cullman, for appellant.

The state having offered evidence to prove venue, and, this having become an issue in the case, circuit court rule 35 (175 Ala. xxi) does not apply, and, the state having failed in such proof, the defendant was entitled to the affirmative charge. The evidence offered to prove the corpus delicti is wholly insufficient to overcome the presumption of innocence. Seigler v. State, ante, p. 135, 95 South. 563; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Clark v. State, 18 Ala. App. 217, 90 South. 16; Adams v. State, 18 Ala. App. 143, 90 South. 42; Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Spelce v. State, 17 Ala. App. 401, 85 South. 835; Fair v. State, 16 Ala. App. 152, 75 South. 828.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

---

⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

FOSTER, J. The defendant, appellant, was convicted of having in his possession a still to be used for the purpose of manufacturing prohibited liquors.

The state's evidence was directed to showing that about a year before the trial near what is known as the "Battle Ground" in Cullman county, the defendant and one Barnett were seen by the sheriff and his deputies, standing near a still, where the officers found three barrels of beer, a still worm, two fruit jars, containing a milky substance which in the judgment of some witnesses contained alcohol, two buckets, shovels, and axes. The boiler was not found. There was a fire in the furnace. About the time the officers saw defendant and Barnett, they discovered the officers, and one of the deputies began to shoot, and defendant and Barnett ran away from the still place in the direction where the sheriff and other deputies were secreted, and were apprehended. There was a conflict in the evidence as to whether the deputy shot before or after Barnett and defendant ran.

The furnace was hot, and some of the beer was scalding hot. The still place was about one-quarter to one-half mile from defendant's home and about the same distance from Barnett's, and was not on the premises of either. There was no evidence that defendant exercised any dominion, control, or acts of ownership over any of the property found at the still place. No liquor was found in the possession of Barnett or the defendant or in their homes. There was no evidence that the defendant had done any work at the still; he was merely standing there when the officers discovered him. He claimed that he was on his way to look over some timber, and that he did not own or possess the still, and had nothing to do with its operation.

[1] Evidence of the venue was in conflict, and this question was properly submitted to the jury. Where there is no evidence of venue, the question is one for the court. But where, as in the instant case, it is a question of the sufficiency of the evidence, this is a question for the jury. Pearson v. State, 5 Ala. App. 73, 59 South. 526; Ragsdale v. State, 134 Ala. 24, 32 South. 674.

[2] The same rules of evidence obtain in the trial of defendants, charged with violation of the prohibition laws, as apply in all criminal cases. The burden is upon the state to introduce sufficiently satisfying evidence of the guilt of the defendant beyond a reasonable doubt.

[3] Evidence that a defendant was discovered standing within six or eight feet of a still, without more, does not meet that high measure of proof necessary to convict for manufacturing prohibited liquors, or having in his possession a still. Guin v. State, ante, p. 67, 94 South. 788.

The defendant may be guilty, but before he can be so adjudged in a court of law the

evidence introduced must prove his guilt to the satisfaction of the jury beyond a reasonable doubt. The evidence in this case was not sufficient to base a verdict of conviction upon, and charge No. 4, the affirmative charge for the defendant, should have been given. The motion for a new trial should have been granted.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.