### KNIGHT v. STATE.   (7 Div. 887.)

(Court of Appeals of Alabama.   June 26, 1923.)

I. **Intoxicating liquors** ⟨⟩236(4) — **Evidence that defendant was present at still and ran on approach of officers insufficient to support conviction.**

In a prosecution for violation of the prohibition law, evidence that defendant was present where a still was being operated and ran on approach of officers *held* insufficient to support a conviction.

2. **Criminal law** ⟨⟩742(1)—**Jury cannot capriciously reject testimony, even that of defendant.**

In a criminal prosecution, the jury has no right to capriciously reject testimony of any witness, even that of defendant.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Harland Knight was convicted of violating the prohibition law, and appeals.   Reversed and remanded.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J.   The defendant in this case was put to trial under count 1 of the indictment, which charged that he did dis-

<hr />

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 294.

till, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages a part of which was alcohol, contrary to law. He was convicted by the jury, and the court sentenced him to imprisonment in the penitentiary for not less than eighteen months nor more than two years. From this judgment he appeals.

No exceptions were reserved to any of the rulings of the court upon the testimony, and the only question presented for review is the sufficiency of the testimony to sustain the verdict rendered and support the judgment. This question was raised by requesting the affirmative charge for defendant and its refusal by the court.

[1] This entire record has been read to the court sitting en banc, and has been considered by the whole court. Our conclusion is that the affirmative charge should have been given and that the court erred in its refusal.

The testimony in this case, taken in its most unfavorable light to the accused, shows merely that a still was in operation in a ditch in an old field and about two miles from where this defendant lived. It was not on his land or upon land over which he had any control. The defendant and about seven other men were present near the still when the officers approached, and at the approach of the officers all of them, including the defendant. broke and ran. The state's testimony tended to show that the defendant was sitting down on a little log close to the still on the bank of the ditch. The principal state witness, Gay, testified:

"I did not see the defendant doing anything at the still. I did not see him take any part in the manufacture of the whisky."

In other words, the sum and substance of the state's testimony tended to show, only, that the defendant and several other men were present at or near a still which was in operation, and that at the approach of the officers he and all the others broke and ran. That this testimony was insufficient to overcome the presumption of innocence which under the law attended the defendant, and was insufficient upon which to predicate the verdict rendered and judgment pronounced needs no discussion in the absence of any testimony that he was operating the still or assisting in so doing. This court has many times declared that the same rules of evidence apply in a case of this character as in any other criminal case. Applying this rule in this case, and in view of the measure of proof required, it is difficult to understand upon what theory the defendant under this testimony was adjudged guilty.

The state's testimony showed only the presence of defendant, with several others, at a still which was in operation, and that he and all of them ran at the approach of the officers. This is not sufficient evidence upon which to base a verdict of guilt of the accused. It might, and possibly did, raise a suspicion, surmise, or conjecture that the defendant was present. at the still for no good purpose; but means of this character cannot be resorted to in the determining of a criminal charge against an accused. The rule of evidence is very different, as has been stated in the following cases: Clark v. State, 18 Ala. App. 217, 90 South. 16; Adams v. State, 18 Ala. App. 143, 90 South. 42; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Wadsworth v. State, 18 Ala. App. 352, 92 South. 245; Mills v. State, 17 Ala. App. 493, 85 South. 867; Morris v. State, 18 Ala. App. 435, 92 South. 910; Seigler v. State (Ala. App.) 95 South. 563; [1] Guin v. State (Ala. App.) 94 South. 788; [2] Hanson v. State, ante, p. 249, 96 South. 655. In this latter case Foster, J., for the court said:

"The same rules of evidence obtain in the trial of defendants, charged with violation of the prohibition laws, as apply in all criminal cases. The burden is upon the state to introduce sufficiently satisfying evidence of the guilt of the defendant beyond a reasonable doubt. Evidence that a defendant was discovered standing in six or eight feet of a still, without more, does not meet that high measure of proof necessary to convict for manufacturing prohibited liquors, or having in his possession a still. * * * The defendant may be guilty, but before he can be so adjudged in a court of law the evidence introduced must prove his guilt to the satisfaction of the jury beyond a reasonable doubt."

[2] In the instant case the testimony of the state failed to show facts sufficiently incriminating in their nature to authorize or warrant the conviction of this defendant. His own testimony and that of his witnesses appears to have been totally disregarded by the jury, otherwise his conviction could not have followed. In arriving at their verdict the jury are required by their oaths to consider all the testimony submitted to them in reaching their verdict. A jury has not, under the law, a right to capriciously reject the testimony of any witness, even that of the defendant.

For the error in refusing the general affirmative charge to defendant, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.

---

[1] Ante, p. 135.      [2] Ante, p. 67.