### FARMER v. STATE. (7 Div. 974.)

(Court of Appeals of Alabama. Feb. 5, 1924.)

Intoxicating liquors ⬅︎236(4) — Mere presence at still not located on land in defendant's possession held insufficient to authorize conviction.

In a liquor prosecution, where there was no evidence to connect defendant with the manufacture of whisky, or the possession of a still, other than his mere presence at a still located on lands not in his possession, it was insufficient to authorize his conviction.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

George Farmer was convicted of violating the prohibition law, and appeals. Reversed and remanded.

I. M. Presley, of Fort Payne, for appellant.

The mere presence of one where whisky is being made is not evidence of his guilt. Lee v. State, 18 Ala. App. 566, 93 South. 59; Guin v. State, ante, p. 67, 94 South. 788; Moon v. State, ante, p. 176, 95 South. 830; Morris v. State, 18 Ala. App. 456, 93 South. 61.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The defendant was convicted under an indictment which in two counts charged the manufacture of whisky and possessing a still, and from the judgment he appeals.

There was no evidence to connect the defendant either with the manufacture of whisky or the possession of a still, other than his mere presence at a still located on lands not in his possession. It has many times been held by this court that this is not sufficient evidence to sustain a conviction. The defendant was entitled to the general affirmative charge. Moon v. State (Ala. App.) 95 South. 830;[1] Guin v. State, ante, p. 67, 94 South. 788; Morris v. State, 18 Ala. App. 456, 93 South. 61.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 176.