### WILLIAMSON v. STATE.   (4 Div. 6.)

(Court of Appeals of Alabama.   Nov. 18, 1924. Rehearing Withdrawn Dec. 16, 1924.)

**1. Criminal law ⬥449(2)—Testimony as to what defendant was looking for at witness' house on morning of liquor raid held inadmissible as a conclusion.**

Witness' testimony as to what defendant was looking for at witness' house on morning of liquor raid was inadmissible as a conclusion, it not being permissible for a witness to testify to mental status or cognition of another.

**2. Witnesses ⬥329 — Cross-examination of witness whether he thought defendant was at his house at certain time for purpose of testing memory held not prejudicial.**

Cross-examination of defendant's witness after he had testified on cross-examination that defendant was at his house morning he was arrested, which he thought was on Thursday or Friday, and that next time defendant was there was Sunday morning or Saturday evening, whether he thought defendant was there about Saturday or Sunday after that, was not prejudicial.

**3. Witnesses ⬥329—Wide latitude allowed on cross-examination to test memory.**

A wide latitude is allowed on cross-examination of a witness to test his memory and which must be left largely to trial court's discretion, and if it affirmatively appears that it was not abused, and that no substantial rights of defendant were injured, trial court will not be put in error on appeal.

**4. Witnesses ⬥330(1) — Cross-examination of witness to test sincerity held not erroneous.**

Cross-examination of witness in liquor prosecution for purpose of testing his sincerity as to whether he had ever seen a still *held* not erroneous.

**5. Criminal law ⬥723(1)—Counsel's remarks, referring to violators of prohibitory laws as outlaws, held within bounds of legitimate argument.**

Counsel's remarks relative to duty of citizens when the Prohibition Law is violated, and referring to violators as outlaws, *held* within bounds of legitimate argument.

**6. Intoxicating liquors ⬥238(1)—Affirmative charge for defendant properly refused where ample evidence to convict if believed.**

Defendant was not entitled to affirmative charge in liquor prosecution, where there was ample evidence to convict if believed beyond a reasonable doubt.

**7. Intoxicating liquors ⬥236(19)—Mere presence of defendant at still insufficient on which to predicate verdict of guilty of operating.**

Where evidence was conflicting as to whether defendant was engaged in operation of a still, his presence there without evidence tending to connect him with its operation, control, or ownership, was insufficient on which to predicate verdict of guilty.

**8. Criminal law ⬥829(18)—Refusal of charge on reasonable doubt held not prejudicial, in view of other instructions.**

Refusal of charge on reasonable doubt was not prejudicial in view of full and favorable oral instructions given by court defining reasonable doubt and burden and sufficiency of proof to convict.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

George Williamson, Jr., was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

It appears from the bill of exceptions that, in his argument to the jury, the attorney for the state said in substance:

"That it was the duty of us as good citizens to see that when men become outlaws, and engage in the manufacture of liquor and such things, that they know that they are outlaws, and don't care who they sell such stuff to, and they are making our boys outlaws, and it is our duty to stop it."

Ballard & Brassell, of Troy, for appellant.

The conduct and declarations of defendant on other occasions are relevant, when tending to shed light on his motives and intention in doing the act complained of. Hall v. State, 208 Ala. 199, 94 So. 59; Jones on Evi. § 142. The remarks of the state's solicitor were prejudicial and improper. Stewart v. State, 18 Ala. App. 92, 89 So. 391; Bailum v. State, 17 Ala. App. 679, 88 So. 200; Gardner v. State, 17 Ala. App. 589, 87 So. 885; Cross v. State, 68 Ala. 476. Charge 6 should have been given for defendant. Olden v. State, 176 Ala. 6, 58 So. 307.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A witness may not be permitted to testify to the state of mind of another. Spurlock v. State, 17 Ala. App. 109, 82 So. 557. Wide latitude is allowed on cross-examination. Stevenson v. State, 18 Ala. App. 174, 90 So. 140. The argument of the solicitor was within the rule of legitimate argument. Mitchell v. State, 18 Ala. App. 471, 93 So. 46; Anderson v. State, 209 Ala. 36, 95 So. 171. Charge 6 was properly refused. Edwards v. State, 205 Ala. 160, 87 So. 179.

FOSTER, J. The defendant was convicted of a violation of the prohibition laws.

[1] It was not competent for a witness for defendant to testify what the defendant was looking for at witness' house on the morning of the raid. Mere conclusions of a witness are not admissible, and it is not permissible for a witness to testify to the mental status of cognition of another. Bailey v. State, 107 Ala. 151, 18 So. 234; Central of Ga. Ry. Co. v. Martin, 138 Ala. 533, 36 So. 426.

[2, 3] Murphy Hussey, a witness for defendant, testified on cross-examination that the defendant was at his house the morning he was arrested; that he thought it was on Thursday or Friday; that the next time defendant was there was Sunday morning, may have been Saturday evening; and the solicitor for the state asked "Do you think he was there about Saturday or Sunday after that?" Objection by the defendant was overruled and exception reserved. A wide latitude is allowed on cross-examination of a witness for the purpose of testing his memory, sincerity, etc., and this must be left largely to the discretion of the trial court, and if it affirmatively appears that there was no abuse of such discretion and no injury to the substantial rights of the defendant, on appeal the trial court will not be put in error. There was no error of a prejudicial nature committed by the court in this connection. Lowman v. State, 161 Ala. 47, 50 So. 43; Stevenson v. State, 18 Ala. App. 174, 90 So. 140.

[4] For the reasons above stated the trial court committed no reversible error in allowing the solicitor for the state on cross-examination to ask the witness Hussey, "Have you ever seen a still in your life?"

[5] The remarks of counsel for the state objected to are within the bounds of legitimate argument as defined by the decisions of this court and the Supreme Court. Cross v. State, 68 Ala. 476; Mitchell v. State, 18 Ala. App. 471, 93 So. 46.

[6] Charges numbered 1, 2, 3, and 4 were properly refused. There was ample evidence to convict the defendant if the jury believed the evidence beyond a reasonable doubt, and the defendant was not entitled to the affirmative charge in his behalf.

[7] Charge 5 refused to the defendant states a correct proposition of law. The mere presence of the defendant at a still without evidence tending to connect him with its operation, control, or ownership is not sufficient upon which to predicate a verdict of guilt. Biddle v. State, 19 Ala. App. 563, 99 So. 59; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Guin v. State, 19 Ala. App. 67, 94 So. 788.

In the instant case there was a conflict in the evidence, the state witness testifying to acts of the defendant tending to show that he was engaged in the operation of the still, and the defendant himself denying such acts and testifying that he had no connection with its operation or control or ownership, and that it was not on his premises or premises under his control.

The refusal of charge 5 was error. Refused charge 6 is a copy of charge 3 in Olden v. State, 176 Ala. 6, 58 So. 307. This charge was approved in the Olden Case, supra, and in many decisions of the Supreme Court. Bailey v. State, 168 Ala. 4, 53 So. 298, 390; Carroll v. State, 130 Ala. 99, 30 So. 394.

[8] Said charge reads in part as follows:

"If the jury are not satisfied beyond a reasonable doubt to a moral certainty and to the exclusion of every other reasonable hypothesis but that of the guilt of the defendant then they should find him not guilty."

Charges of a similar character have been criticized by the Supreme Court as not predicating the hypothesis of innocence which would require an acquittal upon the evidence in the case. Davis v. State, 188 Ala. 59, 66 So. 67; Edwards v. State, 205 Ala. 160, 87 So. 179; Ex parte State ex rel. Atty. Gen. (Baker v. State), 210 Ala. 320, 97 So. 903, in which the court says:

"It may be seriously questioned, however, that the refusal of such a charge would constitute reversible error, in view of the subsequent decisions of this court condemning charges of similar character as technically bad for not resting the hypothesis of innocence upon the evidence in the case."

But in any event the refusal of the charge was not prejudicial in view of the full and favorable oral instructions given by the court to the jury defining a reasonable doubt, and the burden and sufficiency of proof for conviction. Edwards Case, supra.

For the error indicated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.