Ala. App. 82, 95 So. 202; State v. Hyde, 297 Mo. 213, 248 S. W. 920.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was ample evidence to sustain a conviction.

BRICKEN, P. J. The conviction of this appellant in the court below rested upon the testimony of the two state's witnesses, Clyde Davis and W. A. Romine, whose evidence tended to show that on an island in the Tennessee river they located a still, minus a cap and worm, and that they arrested this defendant while in a boat some several hundred yards away from the still place, and at the time of his arrest he was in the possession of a still cap. Under the rule of evidence established in section 2 of an act, approved September 30, 1919 (Acts 1919, p. 1086), as construed in the case of Newt. Wilson v. State (Ala. App.) 100 So. 914,[1] the court erred in refusing to give at the request of defendant in writing the general affirmative charge. Under all the evidence in this case the state failed to meet the required burden of proof, and the defendant was entitled to his discharge. Reversed and remanded.

(104 So. 923)

Ernest NUNNALLY v. STATE.    (6 Div. 728.)  (Court of Appeals of Alabama.  May 12, 1925.)  Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.  Distilling.

SAMFORD, J. There is no bill of exceptions, and, no error appearing on the record, the judgment is affirmed.

(102 So. 924)

John O'KELLY v. STATE.    (7 Div. 45.)  (Court of Appeals of Alabama.  Jan. 13, 1925.)  Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.  Carnal knowledge.

SAMFORD, J.    Appeal dismissed by appellant.

(101 So. 925)

Frank OSBORNE v. STATE.    (4 Div. 42.)  (Court of Appeals of Alabama.  Nov. 11, 1924.)  Appeal from Circuit Court, Russell County; J. S. Williams, Judge.  Running a slot machine.

SAMFORD, J.    Appeal dismissed.

(102 So. 924)

Dee OWEN v. STATE.    (7 Div. 14.)  (Court of Appeals of Alabama.  Jan. 20, 1925.)  Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.  Manufacturing liquor.

BRICKEN, P. J.    Appeal dismissed.

(100 So. 926)

H. W. OWENS, Judge, v. Lee PYBUS.    (4 Div. 908.)  (Court of Appeals of Alabama.  June 12, 1924.)  Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

PER CURIAM.    Appeal dismissed for want of prosecution.

[1] Ante, p. 62.

---

(103 So. 925)

Bob PACE v. CITY OF ENTERPRISE.    (4 Div. 12.)  (Court of Appeals of Alabama.  March 24, 1925.)  Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.  Disorderly conduct.

PER CURIAM.    Appeal dismissed.

(102 So. 924)

Nick PAGOULATOS et al. v. Reams UNDERHILL, pro ami.    (6 Div. 509.)  (Court of Appeals of Alabama.  Nov. 27, 1924.)  Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

PER CURIAM.    Appeal dismissed for want of prosecution.

(102 So. 924)

Sam PALUMBO v. STATE.    (7 Div. 61.)  (Court of Appeals of Alabama.  Jan. 20, 1925.)  Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.  Keeping open store on Sunday.

RICE, J.    Appeal dismissed.

(104 So. 923)

Bob PARCUS v. STATE.    (8 Div. 174.)  (Court of Appeals of Alabama.  June 9, 1925.)  Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.  Bob Parcus was convicted of distilling, and he appeals.  Reversed and remanded.

Hoyt Long, of Guntersville, for appellant.

The mere presence of defendant at the place where liquor was being manufactured was not sufficient to justify a conviction for distilling. Fillmore v. State, 18 Ala. App. 334, 92 So. 94; Seigler v. State, 19 Ala. App. 135, 95 So. 563; Thomas v. State, 19 Ala. App. 499, 98 So. 322. The state did not discharge its burden of proof in this case.  Hill v. State, 19 Ala. App. 483, 98 So. 317; Hammons v. State, 18 Ala. App. 470, 92 So. 914; Medders v. State, 19 Ala. App. 628, 99 So. 777.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. The defendant was convicted of the offense of distilling, etc., and appeals. The evidence, in its strongest aspects for the state, was: A still was found in operation; some men were working at or around it; that defendant was seen about 30 yards away from the still, standing up, doing nothing; that, when witness was observed by defendant, he (defendant) picked up his coat, lying near the still, and ran. There was a dense fog covering the territory. Defendant's evidence was to the effect that he was not there; that he was at home, one mile or more away; that he knew nothing of the still, and had nothing to do with it. The evidence creates a suspicion that defendant is guilty; but that is all. We have carefully read it, and cannot find therein basis for holding that the presumption of innocence, which the law raises for the protection of defendants on trial for crime, has been overcome. The trial court committed reversible error in overruling defendant's motion for a new trial. Seigler v. State, 19 Ala. App. 135, 95 So. 563. Reversed and remanded.