(104 So. 142)

## MOODY v. STATE.   (7 Div. 99.)

(Court of Appeals of Alabama.   April 21, 1925.)

**Intoxicating liquors** ⟐⟐236(19)—**Evidence held insufficient to sustain conviction for "possession" of still.**

Evidence *held* insufficient to sustain conviction for "possession" of a still, where it did not tend to connect defendant with any dominion 'or acts of ownership of such still; "possession" being defined as detention of a thing which he who is the master of it,' or he who has reason to believe he is so, has in his own keeping or that of another person by whom he possesses, and implies a right to enjoy and right of dominion (citing 6 Words and Phrases, Possession).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession.]

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Harrison Moody was convicted of possessing a still, and he appeals. Reversed and remanded.

Jas. A. Embry, of Ashville,. for appellant.
Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

SAMFORD, J.   The indictment was in two counts. The first charged a manufacture of whisky and the second the defendant possessed a still.  When the evidence was all in, the court instructed the jury that there was not sufficient evidence to sustain a conviction under the first count, and so that count was eliminated, leaving a count charging a possession of the still. As to this count the evidence for the state tended to prove a still located on Chandler Mountain from eight to twelve miles from defendant's home; that the officers, of whom there were several, saw the defendant with a gun within seven or eight steps of the still; that when one of the officers hollered, "Throw down your gun," defendant ran, and the officer began shooting at defendant, and finally one of the bullets hit defendant on the leg, when he stopped and was placed under arrest.

The affirmative charge was requested in writing by defendant and refused by the court.

There is an entire absence of any evidence tending to connect the defendant with any dominion or acts of ownership over the still. "Possession" taken in the proper sense is defined as the detention of a thing which he who is the master of it, or he who has reason to believe he is so, has in his own keeping or that of another person by whom

he possesses. Possession implies a right to enjoy and to the right of dominion. 6 Words and Phrases, p. 5465. The court erred in refusing to give the affirmative charge as requested. Seigler v. State, 19 Ala. App. 135, 95 So. 563; Knight v. State, 19 Ala. App. 296, 97 So. 163; Farmer v. State, 19 Ala. App. 560, 99 So. 59.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.