(104 So. 686)

## MURPHY v. STATE. (8 Div. 250.)

(Court of Appeals of Alabama. May 26, 1925.)

Intoxicating liquors ⬉236(19)—Evidence held insufficient to sustain conviction for possessing a still.

Evidence *held* insufficient to sustain conviction for possession of a still.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Vandy Murphy was convicted of possessing a still, and he appeals. Reversed and remanded.

Bradshaw & Barnett, of Florence, for appellant.

The state failed to meet the burden of proof in this case. Guin v. State, 19 Ala. App. 67; 94 So. 788.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The state witnesses found a still in the woods on land belonging to a Mrs. South. They lay in wait from daylight until about 2 o'clock in the afternoon, when defendant and another came through the woods, looked at the beer, and went on through the woods a piece from the still and sat down near a tree; they then got up and began throwing something. This took about 15 minutes. Both parties were then arrested charged with possessing a still. It was testified that a pair of overalls with a torn leg was found at the still, and another witness testified that about two weeks previous he had seen defendant wearing a pair of overalls with a torn leg, but as to which leg he could not say. This is not sufficient evidence

---

upon which to base a conviction. Ex parte Davis ex rel., etc., 211 Ala. 574, 100 So. 917; Hobdy v. State, 20 Ala. App. 44, 100 So. 571; Guin v. State, 19 Ala. App. 67, 94 So. 788; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Seigler v. State, 19 Ala. App. 135, 95 So. 563.

The court erred in refusing to give the general charge for defendant as requested, and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.