(106 So. 622)

**CLECKLER v. STATE. (5 Div. 586.)**

(Court of Appeals of Alabama. Dec. 15, 1925.)

1. Criminal law ⟨key⟩368(1)—Shooting of defendant by officer held part of res gestæ.

Court erred in not allowing defendant, in prosecution for distilling, to show circumstances attending his having been shot by officer at time of arrest near still; such evidence being part of res gestæ.

2. Criminal law ⟨key⟩683(1)—Circumstances surrounding shooting of defendant by officer held admissible in rebutting state's evidence.

Where evidence showed defendant, in prosecution for distilling, was shot by officer while running away from him, court erred in not allowing defendant to show circumstances attending shooting in rebuttal of state's evidence.

3. Criminal law ⟨key⟩361(1)—Defendant's testimony concerning his being shot by officer held admissible to explain apparent inconsistency.

Where evidence showed defendant was shot by officer while running away, but bullet wound was in front part of leg, circumstances attending shooting were admissible to explain apparent inconsistency.

4. Criminal law ⟨key⟩561(3)—Evidence of defendant's character may generate reasonable doubt of guilt.

In criminal prosecution, accused may give evidence of previous good character, not only where doubt exists on other proof, but even to generate reasonable doubt of guilt.

Appeal from Circuit Court, Chilton County; G. F. Smoot, Judge.

Robert Cleckler was convicted of distilling, and he appeals. Reversed and remanded.

Omar L. Reynolds, of Clanton, for appellant.

A prima facie case against defendant does not operate to shift the burden of proof resting upon the state to prove guilt beyond a reasonable doubt. Barker v. State, 20 Ala. App. 564, 103 So. 914; Wilson v. State, 20 Ala. App. 62, 100 So. 914. Where the state is permitted to bring out testimony, the defendant should be allowed to bring out the whole or defendant's side of it. Du Bose v. State, 19 Ala. App. 630, 99 So. 746.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. The facts adduced upon the trial of this appellant, defendant in the court below, are practically identical with the facts in the case of Seigler v. State, 19 Ala. App. 135, 95 So. 563. This court (through Samford, J.) held in the Seigler Case, supra, that the evidence failed to meet the required measure of proof to warrant the conviction of the defendant. We so hold here. The court erred in refusing to defendant the general affirmative charge requested in writing.

[1-3] There was also error in the ruling of the court in declining to allow the defendant to show the facts and circumstances attending his having been shot by one of the officers at the time or just prior to his arrest near the alleged still place. The evidence sought was not only of the res gestæ, but was in rebuttal of that offered by the state. Moreover, the undisputed evidence tended to show that at the time the accused was fired upon by the officer near the still he was running away from the officer; yet this proof also showed that the bullet wound inflicted upon defendant by Foshee was in the *front* part of defendant's leg, or, in other words, it was conclusively shown that this bullet entered from the front. We are of the opinion that, if this apparent inconsistency was subject to, or possible of, explanation, the jury were entitled to such evidence as might have the tendency to explain it.

[4] The defendant, by several witnesses, proved a good character. This evidence was without conflict, and the law is that evidence of good character, when taken and considered with all the other evidence in a case,

---

may be sufficient to generate a reasonable doubt of the guilt of defendant, although no such doubt would have existed but for such good character; in other words:

"It is the settled law of this state that in all criminal prosecutions the accused may give evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a reasonable doubt of his guilt." Carson v. State, 50 Ala. 134.

The judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.