(106 So. 873)

MARTIN v. STATE.   (3 Div. 510.)

(Court of Appeals of Alabama.   Jan. 19, 1926.)

1. Intoxicating liquors ⊗═236(19)—Evidence of finding parts of still held sufficient to establish corpus delicti.

In prosecution for. possession of still, evidence that parts of still commonly used for and suitable to be used in manufacture of liquor were found *held* sufficient to establish corpus delicti.

2. Intoxicating liquors ⊗═238(2)—Arrest of defendant in vicinity of still, without showing ownership or possession, held insufficient to go to jury.

Proof of arrest of defendant in vicinity of a still, with no showing of any act of ownership or possession by him of still, *held* insufficient to sustain conviction for unlawful possession of still, and refusal of affirmative charge erroneous.

3. Intoxicating liquors ⊗═236(19)—Rule as to sufficiency of evidence to warrant conviction for possessing a still stated.

In prosecution for possession of a still, evidence must be sufficient to satisfy jury of guilt of accused beyond a reasonable doubt and to a moral certainty, and mere presence of one at or near still, without other incriminating facts, or circumstances does not authorize conviction.

Appeal from Circuit Court, Lowndes County;   A. E. Gamble, Judge.

John Martin, alias Allen, was convicted of possessing a still, and he appeals.   Reversed and remanded.

R. L. Goldsmith, of Hayneville, for appellant.

The evidence was not sufficient to warrant a conviction.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charge, requested for defendant, was properly refused.   Pellum v. State, 89 Ala. 28, 8 So. 83;   Marshall v. State, 18 Ala. App. 46, 88 So. 369.

BRICKEN, P. J. [1] The evidence in this case, without conflict or dispute, disclosed that several law enforcement and local officers searched for and found two stills in Lowndes county; and, while all parts of the stills were not located, the evidence of the witnesses was that the parts found were commonly or generally used for, or were suitable to be used in, the manufacture of prohibited liquors or beverages. The evidence met the required rule. Wilson v. State, 20 Ala. App. 62, 100 So. 914, and by this evidence the corpus delicti was established.

[2, 3] As to the connection of this appellant with the stills in question, the evidence was that he was arrested by the officers in the vicinity of the stills, and no act of ownership or possession of the stills by defendant was shown. This is wholly insufficient upon which to predicate a conviction for the unlawful possession of the stills and the court should have so instructed the jury as requested in writing by defendant. It was error to refuse to defendant the affirmative charge. It is probable that the presence of the defendant near the still was sufficient to and did create a suspicion against him, but it is elementary that this is insufficient to authorize a conviction, for, as often stated, the same rules of evidence apply in a case of this character as in other criminal cases; the rule being the evidence must be sufficient to satisfy the jury of the guilt of the accused beyond a reasonable doubt and to a moral certainty. There was no evidence in this case to justify the jury in their verdict. Mere presence of a person at or near a still, without other incriminating facts or circumstances, is not sufficient to warrant or authorize the conviction of such person for the offense of unlawfully possessing said still. Seigler v. State, 19 Ala. App. 135, 95 So. 563; Hanson v. State, 19 Ala. App. 249, 96 So. 655; `Guin v. State, 19 Ala. App. 67, 94 So. 788. Under the evidence adduced upon this trial the defendant was clearly entitled to his discharge by an acquittal.

Moreover, we note that the accused named in the indictment is John Martin, alias Allen, and that the testimony of each of the state's witnesses referred to Jim Martin as being the party arrested by them near the stills. This, however, is immaterial from what has been said. Furthermore the variance appears not to have been observed upon the trial of this case; nor does counsel for defendant make any point in brief in this connection.

---

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

For the error designated the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.