(107 So. 321)

### BURNETT v. STATE. (7 Div. 148.)

(Court of Appeals of Alabama. Feb. 16, 1926.)

**1. Intoxicating liquors ⬤⟳238(1).**

Refusal of general affirmative charge for defendant in prosecution for possessing a still *held* error.

**2. Intoxicating liquors ⬤⟳236(19).**

Evidence leading only to strong suspicion that accused is guilty of possessing a still is insufficient to support conviction.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

W. R. Burnett was convicted of possessing a still, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

Testimony showing only that defendant was present at a still is not sufficient to convict him of distilling, or possessing the still. Biddle v. State, 99 So. 59, 19 Ala. App. 563; Farmer v. State, 99 So. 59, 19 Ala. App. 560; Guin v. State, 94 So. 788, 19 Ala. App. 67; Hanson v. State, 96 So. 655, 19 Ala. App. 249; Knight v. State, 97 So. 163, 19 Ala. App. 297; Stanley v. State, 102 So. 245, 20 Ala. App. 387; Harbin v. State, 99 So. 740, 19 Ala. App. 623.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was sufficient evidence to go to the jury, and the affirmative charge was properly refused. Pellum v. State, 8 So. 83, 89 Ala. 28; Duncan v. State, 101 So. 472, 20 Ala. App. 209.

RICE, J. A still where whisky was being manufactured was found in operation. Appellant was present. All that connected him with the still was the testimony of the sheriff that—

"Goodwin was pouring up the liquor, and Burnett, the defendant, was standing right over him. I did not see this defendant working at the still, except watching this man Goodwin pour up liquor. I saw the defendant walking around there. The defendant's hands and clothes were black, there was fire under the still, and the stuff was boiling. Goodwin made a statement in the presence of defendant, which defendant did not deny, that he (Goodwin) just came there after the whisky and if he (we?) had waited he would have gotten the whisky and gone."

[1] The appellant explained his presence by uncontradicted testimony of himself and witnesses that he was working in a "new ground" nearby (which caused his smutty appearance), and that he went from the "new ground" to the still with Goodwin to get a drink of whisky. It does not appear that appellant owned or had any control over the premises where the still was located. We have read the evidence en banc, and are of the opinion that the court erred in refusing to give the general affirmative charge in favor of the defendant (appellant). Biddle v. State, 99 So. 59, 19 Ala. App. 563; Farmer v. State, 99 So. 59, 19 Ala. App. 560; Guin v. State, 94 So. 788, 19 Ala. App. 67; Hanson v. State, 96 So. 655, 19 Ala. App. 249; Knight v. State, 97 So. 163, 19 Ala. App. 297.

[2] The evidence leads to a strong suspicion that appellant is guilty, but this will not suffice.

Let the judgment be reversed and the cause be remanded.

Reversed and remanded.