(115 So. 289)

SUGGS v. STATE.　(7 Div. 379.)

Court of Appeals of Alabama.　Jan. 31, 1928.

312

S. W. Tate, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. It is undoubtedly a fact that the officers found a furnace and the component parts of a still in the woods in Talladega county, which when assembled would be a complete still and suitable for making whisky. It also appears that there were near the furnace two or three barrels of beer. The still was full of beer and there were "fire coals" in the furnace. This outfit was located in the woods, not on defendant's land and about one and one-half miles from defendant's house by the road. How far it was straight through does not appear.

There is no evidence, however, which would authorize a jury to find, over the legal presumption of innocence which attends the defendant during the trial as an evidentiary fact, that the defendant was the owner in possession of the still or that he manufactured whisky or other alcoholic beverage. Wherever the corpus delicti is proven and the facts tend to connect the defendant with the crime, the question is one for the jury under proper instruction from the court. Whenever this is made to appear by the record this court will not interfere with the verdict of the jury. But there is a marked difference between facts tending to connect defendant with crime and facts so remote as not to relate to the res gestæ. For instance, as in this case, when defendant's house was searched by the officers, they found in the kitchen one-half peck of sprouted corn, a sausage grinder, and in his trunk, locked up with his valuables, one-half pint of whisky. This house was from a mile to a mile and one-half from where the still was found, and no fact or circumstance to connect the one with the other, except the circumstance that the defendant lived at the house and was found at the still. The above facts were too remote and should have been excluded, but, being in, were not so connected as to be legal evidence.

The state also proved that defendant was at the still, which was not connected up; that he had a small sack of flour; that he sat it down by a tree and put his hands on one of the barrels of beer as if he was preparing to drink from it. The defendant is not shown to have made the beer, nor did he do one single act evidencing a possessory interest in the still or any of its parts. The court should have given the general charge as requested. Seigler v. State, 19 Ala. App 135, 95 So. 563; Guin v. State, 19 Ala. App. 67, 94 So. 788; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Moody v. State, 20 Ala. App. 572, 104 So. 142; Martin v. State, 21 Ala. App. 230, 106 So. 873.

If the defendant made inculpatory statements in the presence of the officers after the arrest, upon proper predicate such statements would be admissible in evidence, and the fact that such statements were in the nature of an offer of compromise with the officer would not change the rule. An officer has no right or power to compromise a felony. Authorities cited by appellant's counsel are civil cases and have no application here.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.