147 So. 451

## MANCIL v. STATE.
### 4 Div. 988.

Court of Appeals of Alabama.
April 4, 1933.

Brassell & Rowe, of Troy, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

This appellant was indicted for having in his possession, etc., a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. He was tried and convicted as charged in the indictment, and from the judgment of conviction this appeal was taken.

Appellant insists that the court erred in refusing to him the affirmative charge, and also in overruling his motion for a new trial. These insistences are upon the ground that the state failed to meet the burden of proof necessary to a conviction. This court sitting en banc has carefully read and considered all the evidence adduced upon the trial of this case, and the conclusion reached is that the insistences above stated are well taken and must be sustained. The appellate courts of this state in numerous instances have held that the mere presence of a person at a prohibited still is insufficient upon which to predicate a judgment of conviction for the possession of a still. In this case there is no testimony that this appellant was at any time seen at the still in question. The evidence of the two state witnesses tended to show that on Wednesday afternoon about 3 p. m. they saw this defendant on a hill in his field; that they got within 75 or 100 yards of him; and that he went on towards his home some quarter of a mile away. No words passed between them, and the witnesses went on down in the swamp and discovered a still in operation of about 30-gallon capacity. These witnesses testified they destroyed the still, and the record shows that this appellant about a month later was indicted as hereinabove stated.

The testimony of the defendant and a large number of witnesses who testified in his behalf tended to show that, at the time and place in question, as testified to by the state's witnesses, he (the defendant) was not at the place in his field as testified by the state witnesses, but was at another place some miles distant.

From the view we take of it, it is immaterial as to whether the defendant was in his field or at the other places in evidence, for, as stated, the state failed to offer sufficient evidence under the law to sustain the indictment, and hence the affirmative charge was in point, and should have been given. We cite a few only of the innumerable decisions which fully support this conclusion. Martin v. State, 21 Ala. App. 230, 106 So. 873. Seigler v. State, 19 Ala. App. 135, 95 So. 563. Hanson v. State, 19 Ala. App. 249, 96 So. 655. Guin v. State, 19 Ala. App. 67, 94 So. 788.

Under the evidence in this case, the defendant should have been discharged.

Reversed and remanded.