Tavior, Chief-Justice.-
 

 1The objection to this indictment is, that the publication is stated to have taken place on a day before the libel was framed, which therefore creates a fatal repugnancy. It must be observed, however, that the first part of the indictment contains a distinct charge of the making, as well as publication, on the 22d April, 1819. The publication charged after-wards, is preceded by a
 
 sdlicet,
 
 introducing a repugnant date. Now all that is necessary in regard to laying the time in an indictment, is, that the offence shall appear to have been committed before the finding of the bill, excepting in those cases where the time forms part of the offence, as in prosecutions which are limited to a certain period, and in murder, where the time of the death must be laid within a year and a day after the mortal stroke given. But generally, where the time when an offence was committed is immaterial, and it is still indictable,
 
 *462
 
 whether done at one time or another, there it is not tra-versable if alleged after a
 
 scilicet;
 
 and its repugnancy to the premises will not vitiate, but the
 
 scilicet
 
 itself will be rejected' as superfluous—(1
 
 Saund.
 
 170.) Then rejecting the date which is last stated in the indictment, for its repugnancy, together with all that is connected with it, from the words “
 
 and that,”
 
 to the word
 
 “publish”
 
 inclusive, the offence was committed on the 22(1 April, 1819, which is before the finding of the bill. I am therefore of opinion, that the reasons in arrest be overruled.
 

 Haiii and Henderson, Judges, concurred.