(100 South. 917)

**Ex parte STATE, ex rel. DAVIS, Atty. Gen.**

**WILSON v. STATE.**

(7 Div. 500.)

(Supreme Court of Alabama. June 30, 1924.)

1. **Intoxicating liquors** ⬥137—Statute would be violated if defendant possessed articles for purpose of manufacturing.

Acts 1919, p. 1086, making it unlawful by section 1 to possess articles used to manufacture any prohibited liquors, would be violated if defendant possessed any of such articles to manufacture prohibited liquors, whether or not generally used for such purpose.

2. **Intoxicating liquors** ⬥224—Statute providing that unexplained possession of apparatus used in manufacture of prohibited liquors shall be prima facie evidence of violation of act construed.

Acts 1919, p. 1086, approved Sept. 30, 1919, providing by section 2 that defendant's unexplained possession of articles used in manufacture of prohibited liquors shall be prima facie evidence of a violation of the act, places

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

burden upon state to show beyond a reasonable doubt (1) possession of articles designated, (2) that such articles are commonly or generally used for manufacture of prohibited liquors, and that they are suitable for such purpose.

*Certiorari to Court of Appeals.*

Petition of the State of Alabama, on relation of Harwell G. Davis, Attorney General, for certiorari to the Court of Appeals, to review the judgment and decision of said court in the case styled Wilson v State, 100 South. 914, wherein the judgment of conviction of said Wilson for violation of the prohibition law was reversed. Writ denied.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty Gen., for petitioner.

Unexplained possession of the parts of a still was prima facie evidence of violation of the law Acts 1919, p. 1086. Facts and circumstances may be detailed from which the jury may infer that a substitute for a still was commonly or generally used or suitable to be used for the illegal purpose. No one but an expert could testify in ipsissimis verbis that the device is commonly or generally so used. The method of constructing a still is a matter of common knowledge and scientific fact of which the court will take judicial notice. 1 Mayfield's Dig. 311; 4 Michie's Ala. Dig. 116; 3 Mayfield's Dig. 437.

C. W. Clegg, of Wedowee, opposed.

No brief reached the Reporter.

ANDERSON, C. J. [1] Section 1 of the Prohibition Act of 1919, p 1086, makes it unlawful, among other things, for one "to * * * have in possession any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages." It would therefore be a violation of this law if he possessed any of the above-mentioned articles for the purpose of manufacturing prohibited liquors, whether such devices were or were not generally used or are suitable to be used for such purpose

[2] Section 2, however, deals with proof essential to a prima facie case, and, in order for the possession of the articles there enumerated to make out a prima facie case, they must be of such character as is in common use or suitable to be used for the purpose of manufacturing liquor. There seems to be a slight difference between section 1 as to what constitutes a violation and section 2 as to what makes out a prima facie case, and the possession of certain articles under section 1, while not making out a prima facie case, would violate the law if the proof showed that they were to be used for the purpose bf manufacturing liquors, yet to make out a prima facie case under section 2, the proof must show that said articles were commonly or generally used for the purpose of manufacturing liquors or were suitable therefor We therefore agree with the opinion of the Court of Appeals in its interpretation of section 2 of the act. There is an expression, however, in the opinion, "In the absence of this necessary proof it cannot be said that the alleged articles came within the inhibited terms of the statute." They would not come within section 2 so as to make out a prima facie case, but might come within the inhibited terms of section 1 if used for the purpose of manufacturing, whether commonly used or suitable for the purpose or not. While the above-quoted inaccurate expression appears in the opinion the Court of Appeals in an opinion upon rehearing disclaims any purpose to construe section 1, and confines what was said in the original opinion to section 2 of the act, and with this qualification or explanation we find no erroneous statement of the law in said opinion, and the writ is denied.

Writ denied.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.