(101 So. 220)

### DABBS v. STATE.    (8 Div. 162.)

(Court of Appeals of Alabama.  July 22, 1924.)

1. **Criminal law ⟜1092(11)—Motion to establish bill of exceptions will be denied, where question involved is immaterial to decision of case.**

Motion to establish bill of exceptions will be denied, where the question involved is immaterial to decision of the case, notwithstanding the merits of the motion, since the appellate court will deem it unnecessary to do a useless thing.

2. **Intoxicating liquors ⟜236(19)—What proof must show to establish prima facie liquor offense.**

In order to establish the prima facie case provided for in Acts 1919, p. 1086, § 2, the proof must show that a part or the parts of a still found in accused's possession were such as are commonly used for, or are suitable to be used in, the manufacture of prohibited liquors and beverages.

3. **Criminal law ⟜304(2)—Court may not judicially notice what articles are adapted for manufacturing liquor.**

Whether certain articles are commonly used for, or are suitable to be used in, the manufacture of intoxicating liquors, is a matter of which the court may not take judicial knowledge, and hence the court will not assume that certain articles or parts of a still are commonly used for, or are suitable to be used in, the manufacture of liquor.

4. **Intoxicating liquors ⟜239(1)—Refusal to give requested written charges, raising question whether articles found were adapted for still, held error.**

In a prosecution for possessing a still, refusal to give requested special written charges, raising question whether the articles found on accused's premises were commonly used for, or were suitable to be used in, the manufacture of prohibited liquors and beverages, *held* reversible error.

5. **Intoxicating liquors ⟜239(1)—Charge given in prosecution for distilling and possessing still held erroneous.**

In a liquor prosecution, the first count charging distilling and the second possession of a still for manufacturing liquor, oral charge that, if accused "did have possession of a part of a still, * * * that is prima facie evidence which you can consider in determining whether defendant is guilty" under the second count of the indictment, *held* erroneous.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Thos. M. Dabbs was convicted of possessing a still, and appeals.  Reversed and remanded.

Barton & Mayhall, of Athens, for appellant.

The oral charge of the court was erroneous.  Code 1907, § 5362.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record is free from error.

BRICKEN, P. J.  [1] The submission of this cause was upon motion to establish the bill of exceptions, and upon merits.  The motion to establish the bill of exceptions is denied, as the question involved is immaterial to the point of decision here, and pretermitting such merit, if any, as may be contained in the motion we deem it unnecessary to do a useless thing, and, as stated, the matter in controversy is not material in the decision of this case.

[2-4] By the verdict of the jury the defendant was acquitted of the charge of distilling, etc., contained in the first count of the indictment; the verdict being:

"We, the jury, find the defendant guilty under the second count of the indictment."

The second count charged that the defendant did manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors and beverages, contrary to law.  In order to sustain count 2 of the indictment the state offered the testimony of two brothers, S. H. Weathers and B. F. Weathers, and the evidence of these witnesses tended to show that they found a copper boiler in defendant's smokehouse, and also a boiler in his garden.  One of the witnesses testified that he also remembered a "thump keg" and "flake stand."  He also stated:

"We did not find the worm anywhere.  The worm is a necessary part of a still."

There was no evidence showing or tending to show that a complete still, etc., was found upon the premises of defendant or in his possession.  The state relied for a conviction upon the evidence which tended to show the unexplained possession by defendant of a part or parts of a still above enumerated. There was, however, no evidence showing or tending to show, nor was there any attempt made to show, that the parts of the still alleged to have been found, as above, were commonly or generally used for, or that they were suitable to be used in, the manufacture of prohibited liquors or beverages, and the law requires such proof necessary in order to establish the prima facie case provided for in section 2 of the act approved September 30, 1919.  Acts 1919, p. 1086, § 2.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The several articles found by the state's witnesses may or may not have been such as are commonly or generally used for, or were suitable to be used in, the manufacture of prohibited liquors and beverages; but, if they were, there was no testimony in this case to show that fact, and in the absence of some proof on this question the court will not assume that they were so used, or that they were suitable to be so used, as this is not such matter of which the court may take judicial knowledge. This identical question has been recently decided by this court in the case of Newt Wilson v. State (Ala. App.) 100 South. 914,[1] and approved by the Supreme Court in Ex parte Attorney General, in Re Newt Wilson v. State (Ala. Sup.) 100 South. 917.[2] It was error for the court to refuse the special written charges which raised this question.

[5] The court also erred in a portion of the oral charge to which exception was reserved, where the court said:

"And if he did have possession of a part of a still, then I charge you that that is prima facie evidence, which you can consider in determining whether the defendant is guilty under the second count of the indictment in this case."

For the errors designated, the judgment of conviction appealed from is reversed, and the cause remanded.