## WATKINS v. STATE.　(7 Div. 910.)

(Court of Appeals of Alabama.　Sept. 2, 1924.)

**1. Intoxicating liquors ⬤⟫200—Indictment for violation of liquor laws held good as against demurrer.**

An indictment for manufacturing alcoholic, spirituous, malted, or mixed liquors, and manufacturing, selling, giving away, or possessing a still or apparatus, for manufacturing prohibited liquors or beverages, etc., *held* properly drawn as to each count, and not subject to demurrers.

**2. Criminal law ⬤⟫308—Evidence of manufacturing intoxicating liquor held not sufficient to overcome presumption of innocence.**

In a prosecution for manufacturing intoxicating liquors, testimony sufficient only to raise a suspicion as to the corpus delicti, and the participation of the accused was not sufficient to overcome presumption of innocence.

**3. Criminal law ⬤⟫308—Evidence must show guilt of accused beyond reasonable doubt and to moral certainty.**

In order to overcome presumption of innocence attending all persons on trial charged with a criminal offense, the evidence must be sufficiently strong to show guilt beyond a reasonable doubt and to a moral certainty.

**4. Intoxicating liquors ⬤⟫236(19)—Testimony of finding still cap held not to make out prima facie case.**

In a prosecution for possession, etc., of a still, evidence of finding of a still cap, in the absence of evidence that it was commonly or generally used, or suitable to be used, in manufacturing intoxicating liquors, was not sufficient to make out a prima facie case, under Acts 1919, p. 1086, § 2.

**5. Criminal law ⬤⟫327—Burden of proof does not shift to defendant after state makes out prima facie case.**

In a prosecution for violation of liquor laws, although the state makes out a prima facie case, under Acts 1919, p. 1086, § 2, the burden of proof does not shift to the accused, nor is the presumption of innocence overcome, and until state proves the offense beyond a reasonable doubt the accused is not required to establish his innocence by exculpatory evidence.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Harrison Watkins was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Isbell & Scott, of Ft. Payne, for appellant.

Defendant should not have been convicted. Lee v. State, 18 Ala. App. 566, 93 South. 59; Seigler v. State, 19 Ala. App. 135, 95 South. 563; Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Guinn v. State, 19 Ala. App. 67, 94 South. 788; Morris v. State, 18 Ala. App. 435, 92 South. 910; Morris v. State, 18 Ala. App. 456, 93 South. 61; Battles v. State, 18 Ala. App. 475, 93 South. 64.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The fact that parts of a still and the finished product were found was sufficient to justify the verdict. Gamble v. State, 19 Ala. App. 82, 95 South. 202; Patterson v. State, 18 Ala. App. 507, 93 South. 691; White v. State, 18 Ala. App. 275, 91 South. 888.

BRICKEN, P. J. [1] The indictment contained two counts, and, as has been many times held by this court, each count of the indictment was properly drawn, and the indictment as a whole was not subject to the demurrers interposed thereto.

The first count charged that the defendant distilled, made, or manufactured alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcohol, and in the second count charged that he manufactured, sold, gave away, or had in his possession, a still, apparatus, appliance, or some device or substitute therefor to be used for the purpose of manufacturing prohibited liquors or beverages, etc. The jury returned a general verdict as follows: "We, the jury, find the defendant guilty as charged in the indictment."

The evidence in this case was without dispute. The defendant offered no testimony in his behalf. In the court below, the defendant relied upon the insufficiency of the state's testimony to support the verdict of the jury and the judgment pronounced thereon, and here insists that the court committed error in refusing the affirmative charge requested in writing. In support of this insistence several decisions of this court are cited.

[2, 3] As to the first count of the indictment, it clearly appears there was no evidence adduced upon this trial to sustain the charge contained therein against this defendant. The testimony in support of said count was not sufficient to overcome the presumption of innocence to which the accused was entitled, and at most, so far as count 1 is concerned, the evidence was sufficient only to engender a suspicion or conjecture as to the corpus delicti of the offense charged, and of the participation in said offense by the accused; and, as stated in Guin v. State, 19 Ala. App. 67, 94 South. 788, "there is no rule of evidence which permits or justifies the conviction of one accused of crime, where from the evidence his guilt is left in a state of uncertainty, or is dependent upon conjecture, probabilities, or suspicion." The rule is that, in order to overcome the presumption of innocence which attends all persons upon trial charged with a criminal offense, the evidence must

be sufficiently strong to show, beyond a reasonable doubt and to a moral certainty, that the defendant is guilty.

[4] To sustain the second count in the indictment the state offered testimony that the state's witnesses found a "still cap," and, "it was made of wood and copper." There was no evidence that this "still cap" or "condenser cap," as called by one of the witnesses, was "commonly or generally used for, or that it is suitable to be used in, the manufacture of prohibited liquors and beverages," and in the absence of such proof a prima facie case, under the rule of evidence provided in section 2 of the act, was not made out. Acts 1919, p. 1086, section 2. Newt Wilson v. State, ante, p. 62, 100 South. 914.

[5] As stated in the Wilson Case, supra, even if the proof offered had been sufficient to make out a prima facie case, as provided by said section 2 of the act, supra, the burden of proof resting upon the state would not have been shifted to defendant, nor the presumption of innocence overcome, for, as held in Segars v. State, 86 Ala. 59, 5 South. 558, "a prima facie case of guilt does not generally rebut the presumption of innocence, or shift the burden of proof. Until the state proves, in the first instance, beyond a reasonable doubt the facts which constitute the offense, the accused is not required to establish his innocence by exculpatory evidence."

We must sustain the position taken by appellant's counsel, and hold that the court erred in refusing the affirmative charge requested in writing by defendant.

Reversed and remanded.