(101 So. 510)

## MILLER v. STATE. (8 Div. 139.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

1. Criminal law ⟳1110(8)—Appeal considered on merits on correction of transcript to show trial judge's signature of bill of exceptions.

Transcript's failure to show trial judge's signature of bill of exceptions, because of clerk's misprision or omission to enter judge's indorsement to such effect, having been corrected by returns to certiorari, appellate court will consider appeal on merits.

2. Intoxicating liquors ⟳236(19)—State must show parts of still possessed, commonly used or suitable for use in manufacture of prohibited liquors.

Under Acts 1919, p. 1086, § 2, state must show, not only defendant's possession of parts

of still, apparatus, etc., but that they were commonly or generally used for or suitable for use in manufacture of prohibited liquors, to sustain conviction of possessing still for such purpose.

**3. Constitutional law ⊜⇒70(3) — Reason for statutory requirement as to evidence necessary to sustain conviction not for courts.**

Whether there is good reason for requirement of Acts 1919, p. 1086, § 2, that state prove possession of parts of still, etc., commonly used for or suitable for use in manufacture of prohibited liquors, to sustain conviction of possession for such purpose, is not for courts to inquire, being rule of evidence fixed by Legislature and hence part of due course of law, to which defendant is entitled.

Appeal from Circuit Court, Limestone County; James E. Horton, Jr., Judge.

Cliff Miller was convicted of violating the prohibition law, and he appeals. Reversed and remanded on rehearing.

J. G. Rankin, of Athens, for appellant.

The evidence was not sufficient to sustain a conviction. Hanson v. State, 19 Ala. App. 249, 96 So. 655; Moon v. State, 19 Ala. App. 176, 95 So. 830; Seigler v. State, 19 Ala. App. 135, 95 So. 563.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence was sufficient for submission to the jury.

BRICKEN, P. J. [1] A former opinion of this court, affirming the judgment of conviction in this case upon the ground that this court could not consider the purported bill of exceptions because not signed by the trial judge, is withdrawn. By consent of the Attorney General representing the state on this appeal a certiorari was issued and the returns thereto establish the fact that the trial judge did in fact sign the bill of exceptions within the required time and that the failure of the transcript to show such signature was due to a clerical misprision or omission of the clerk of the lower court to enter the indorsement of the trial judge to this effect.

The defect or misprision having been corrected, this court will now consider this appeal upon its merits. The refusal of the affirmative charge requested in writing by defendant upon the theory of the insufficiency of the evidence to support the verdict and sustain the judgment pronounced, presents the material question involved upon this appeal.

[2] Under the undisputed evidence in this case, it cannot be doubted that a conviction against this defendant for unlawfully possessing prohibited liquors could properly

have been had and sustained. But no such charge was preferred, the conviction of this defendant was under count 2 of the indictment which charged that defendant did manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages contrary to law. His conviction, however, under said count, rested upon the evidence of the state's witnesses which tended to show that "a copper worm" was found by the officers at or near the place this defendant and several other parties were first seen, and from where they ran at the approach of the officers. We pretermit the question as to whether or not this evidence was sufficient to go to the jury on the proposition of the possession by defendant of said worm. The judgment will of necessity have to be reversed and the cause remanded under the rule announced in Newt Wilson v. State (Ala. App.) 100 So. 914,[1] which construes section 2 of an act approved September 30, 1919 (Acts 1919, p. 1086). Said section establishes a new rule of evidence and provides that the unexplained possession of any part or parts of a still, apparatus, appliance, or any device or substitute therefor, commonly or generally used for or that is suitable to be used in the manufacture of prohibited liquors and beverages, shall be prima facie evidence of a violation of said act; a violation of said act of course contemplates the possession of a complete still, etc. The construction given said section 2, in Wilson v. State, supra, was to the effect that not only the possession of a part or parts of a still, apparatus, etc., must be shown, by the required rules, to be in the possession of the defendant, but the state must go further and assume and meet the burden placed by statute and show that such part or parts of a still, apparatus, etc., was commonly or generally used for or that it was suitable to be used in the manufacture of prohibited liquors or beverages.

[3] The statute requires this in plain terms, and it is not for the courts to inquire whether there is good reason for this requirement or not. It is the rule of evidence fixed by the law of the Legislature, the law-making body of this state. The Legislature has the sole power to direct the courts in what manner they shall proceed in the trial of a cause. When this is done, their direction becomes the rule which forms a part of the "due course of law," which it is the right of the defendant to have administered. In this case no such proof was offered, and as a result of the failure of said proof, the state's case was not established and the court erred in refusing to defendant the affirmative charge requested in writing. Reversed and remanded.