(101 So. 919)

**COOK v. STATE.** (2 Div. 325.)

(Court of Appeals of Alabama. Nov. 11, 1924.)

**1. Criminal law ⬤⟝753(1)—Refusal of affirmative charge held proper.**

On testimony presenting jury question, refusal of affirmative charge is proper.

**2. Intoxicating liquors ⬤⟝238(1)—Evidence of unlawful possession of still held sufficient to go to jury.**

In prosecution for unlawful possession of still, evidence *held* sufficient to go to jury.

**3. Criminal law ⬤⟝753(1)—General charge not proper on evidence tending to make case against defendant.**

General charge should not be given, when evidence tends to make case against party asking it.

**4. Intoxicating liquors ⬤⟝238(1) — Whether explanation of possession of still parts by accused was sufficient held for jury.**

In prosecution for illegal possession of still, whether accused's explanation of his possession of parts of still was sufficient was for jury to determine from evidence, and not question of law for court.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Henry Cook was convicted of possessing a still, and he appeals. Affirmed.

George O. Miller, of Livingston, for appellant.

Defendant was entitled to the general affirmative charge. Pate v. State, 19 Ala. App. 243, 96 So. 650; Adams v. State, 18 Ala. App. 143, 90 So. 42; Hanson v. State, 19 Ala. App. 249, 96 So. 656; Gamble v. State, 19 Ala. App. 82, 95 So. 202; Cannon v. State, 17 Ala. App. 82, 81 So. 860; Wilson v. State, ante, p. 62, 100 So. 914.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The general charge was properly refused to defendant. Crumley v. State, 18 Ala. App. 105, 89 So. 847.

BRICKEN, P. J. From a judgment of conviction for the offense of unlawfully possessing a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages, defendant appealed.

[1, 2] No exceptions were reserved during the trial in the court below. The court refused the general affirmative charge requested in writing by defendant, and this presents the only question for our consideration. It is insisted that the court erred in refusing said charge, for the reason that the state failed to meet the burden of proof resting upon it. We have read all the testimony in this case, and conclude that a jury question was presented. This being true, the court was without authority to direct a verdict, and therefore properly refused the affirmative charge.

[3, 4] The rule is that the general charge should never be given, when there is any evidence tending to make a case against the party who asks it. In this case it was shown without dispute, or contradiction that the officers found upon defendant's premises, and in his possession, several component parts of a still, and the evidence goes further and shows that these articles were such as were commonly or generally used for, or were suitable to be used in, the manufacture of prohibited liquors and beverages. The evidence met the rule as announced by this court in the case of Wilson v. State, 100 So. 914.[1] See, also, Ex parte State ex rel. Davis, Attorney General, Wilson v. State (Ala. Sup.) 100 So. 917.[2] The defendant in response to the accusation availed himself of the privilege conferred by the statute, and undertook to give explanation of his possession of the articles in question, and it is obvious from the insistence here made that the defendant labors under the impression that such explanation was sufficient, and therefore it was error for the court to refuse the requested charge. Whether defendant's explanation of his possession of the articles in question was a sufficient explanation was for the jury to determine, after a consideration of all the evidence in the case. Manifestly, it was not a question of law for the court.

___

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 62. [2] 211 Ala. 574.

· There being no error in the refusal of said charge, and the record proper being free from error, it remains that the judgment appealed from must be, and is, affirmed.

Affirmed.

