(108 So. 79)

## CAMP v. STATE. (7 Div. 126.)

(Court of Appeals of Alabama. April 6, 1926.)

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Ed Camp was convicted of possessing a still, and he appeals. Reversed and remanded.

I. M. Presley and C. A. Wolfes, both of Ft. Payne, for appellant.

A conviction predicated upon suspicion, conjecture, or guess should not be permitted to stand. Dawkins v. State, 98 So. 492, 19 Ala. App. 501.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was evidence connecting defendant with the possession of the still, and the affirmative charge was well refused. Pellum v. State, 8 So. 83, 89 Ala. 28.

BRICKEN, P. J. The indictment contained two counts. Count 1 charged distilling prohibited liquors, etc. Count 2, the unlawful possession of a still, etc. The court gave the affirmative charge for defendant as to count 1 of the indictment. A similar charge was requested as to the second count. It was refused, but upon what theory it is difficult for this court to understand. There is no phase of the evidence adduced upon the trial of this defendant which would warrant or justify his conviction. The corpus delicti was not shown, and the rule of evidence provided by statute was not attempted to be followed. Code 1923, § 4657. The following authorities are conclusive of this appeal: Wilson v. State, 100 So. 914, 20 Ala. App. 62; Hemphill v. State, 101 So. 159, 20 Ala. App. 154; Guin v. State, 94 So. 788, 19 Ala. App. 67; Watkins v. State, 101 So. 334, 20 Ala. App. 246; Dabbs v. State, 101 So. 220, 20 Ala. App. 167; Leith v. State, 101 So. 336, 20 Ala. App. 251; Miller v. State, 101 So. 510, 20 Ala. App. 279; Nugent v. State, 101 So. 925, 20 Ala. App. 689.

Under all the evidence in this case the defendant was entitled to be discharged as a matter of law.

Reversed and remanded.