## ELMORE v. STATE.    (8 Div. 349.)

(Court of Appeals of Alabama.    May 11, 1926. Rehearing Denied May 25, 1926.)

**1. Criminal law ⚖═308.**

Mere presence at still of defendant accused of manufacturing whisky and possessing still *held* not sufficient to overcome presumption of innocence.

---

**2. Intoxicating liquors ⚖⇒236(4).**

When defendant accused of manufacturing whisky and possessing a still is shown to have been present at the still, any fact or circumstance, however slight, tending to show participation as a principal or as aider or as abettor, authorizes conviction.

**3. Criminal law ⚖⇒726—In prosecution for manufacturing whisky and possessing still, solicitor's comment that there was no evidence that defendant went to still to get whisky or to see somebody, made in answer to argument of defendant's attorney, was without error.**

In prosecution for manufacturing whisky and possessing a still, in which defendant's attorney argued that "the defendant may have been there to get a drink or to see somebody," *held* that solicitor's comment that there was no evidence that defendant went to the still to get whisky or to see somebody, that defendant had not explained what he was doing at the still, and that there was no evidence except that of state's witnesses, was in answer, and hence without error.

Appeal from Circuit Court, Limestone County; N. D. Denson, Judge.

Mack Elmore was convicted of manufacturing whisky and possessing a still, and he appeals. Affirmed. Certiorari denied by Supreme Court in Elmore v. State, 109 So. 114.

From the bill of exceptions it appears that defendant's attorney in argument to the jury said "the defendant may have been there to get a drink, or to see somebody." Thereafter the solicitor in his argument used this language:

"There is no evidence in this case that the defendant went to the still to get whisky, or that he went there to see somebody; the defendant has not explained to you what he was doing at the still, and there is no evidence in this case except that of the state's witnesses."

Defendant's objection to this argument was overruled.

J. G. Rankin, of Athens, for appellant.

Mere presence at a still is insufficient upon which to convict. Biddle v. State, 19 Ala. App. 563, 99 So. 59. There was no evidence of manufacturing and defendant should have had the general affirmative charge. Lee v. State, 19 Ala. App. 569, 99 So. 56. It is error for the solicitor to comment directly or indirectly on the failure of defendant to testify in his own behalf. May v. State, 209 Ala. 72, 95 So. 279.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charge in this case would have been improper. Wilks v. State, ante, p. 199, 106 So. 681. The argument of the solicitor was within the scope of legitimate argument. Gilbert v. State, 19 Ala. App. 104, 95 So. 502.

SAMFORD, J. [1, 2] We have held in many cases that the mere presence of a person at a still was not sufficient to overcome the presumption of innocence which attends a defendant charged with, and who is on trial for, a criminal offense. Biddle v. State, 19 Ala. App. 563, 99 So. 59; Biddle v. State, 20 Ala. App. 49, 100 So. 572. This general statement, while still adhered to, cannot be so extended as to invade the province of the jury in passing upon the guilt or innocence of a defendant, whose acts or conduct raises other presumptions tending to connect him with the manufacture of whisky or the possession of a still. Wherever a defendant is shown to be present at a still, any fact or circumstance, however slight, tending to show participation either as a principal or as aider or abettor may authorize the jury to find a verdict of guilt which will not be disturbed on appeal. In this case there was evidence from which the jury could conclude that the defendant was a principal, and the general charge was properly refused.

There was evidence justifying a conviction under either count of the indictment, and hence the general charge as to either count was properly refused.

[3] The comment of the solicitor was an answer to an argument of defendant, and hence was free from error.

We find no error in the record, and the judgment is affirmed.

Affirmed.