(116 So. 803)

**POUNCEY et al. v. STATE.** (4 Div. 380.)

Court of Appeals of Alabama. May 8, 1928.

E. C. Orme, of Troy, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. The court en banc have read and considered the evidence in this case, and as to appellant Millard Pouncey, we hold that the evidence was insufficient to overcome the presumption of innocence which attended him upon his trial. Under every aspect of this case the appellant Pouncey was entitled to his discharge.

The indictment contained but one count, and charged the three appellants jointly with the offense of having a still in their possession to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

The evidence tended to show that officers lying in wait near a still place saw appellants Jones and Cox drive up in a wagon early one morning, and saw these two men unload from the wagon a large amount of sugar and nine empty kegs, and thereafter started to drive away, but were arrested by the officers. The evidence is conclusive and without dispute that several unassembled parts of a still were at the place in question, but there was no evidence that all the necessary parts of a still outfit were there; a worm and probably other necessary parts were missing.

The indictment charged the offense denounced by section 4656 of the Code 1923, which makes it unlawful for any person, firm, or corporation in this state to manufacture, sell, give away, or have in possession any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages.

Section 4657 of the Code 1923 establishes a rule of evidence, applicable to the facts of the case at bar, and provides that the unexplained possession of any part or parts of any still, apparatus, appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used

in, the manufacture of prohibited liquors and beverages, shall be prima facie evidence of the offense prescribed and provided in section 4656 of the Code 1923.

■ Section 4657 prescribing the rule of evidence has been construed in many decisions of this court, and by the Supreme Court. The first case we find construing said section is that of Wilson v. State, 20 Ala. App. 62, 100 So. 914. The Wilson Case was approved by the Supreme Court in Ex parte State ex rel. Davis, Atty. Gen., 211 Ala. 574, 100 So. 917. In the Wilson Case, supra, it was held that under the rule of evidence, above quoted, in order that the testimony shall constitute prima facie evidence of the offense charged, the state must show, by the required rules of evidence, not only that the defendant had unexplained possession of any part or parts of a still, etc., but the state must go further and prove that such part or parts of a still, etc., was commonly or generally used for, or that it was suitable to be used in, the manufacture of prohibited liquors and beverages. So that under this statute, in order to make out the prima facie evidence provided, the burden is upon the state to show beyond a reasonable doubt (1) the possession, by the accused, of the article or articles designated; and (2) by the same measure of proof must also show that such article or articles, so in the possession of the accused, is commonly or generally used for the manufacture of prohibited liquors and beverages, or that such article or articles, is or are, suitable to be used for said purposes.

■ In the instant case we may pretermit a discussion of the question as to the sufficiency of the evidence to establish possession by defendants of the parts of a still testified to in this case, as this question is not necessary to a decision of this case, for the reason that no attempt was made by the state to comply with the stated rule and there was no evidence that said articles were such as is commonly or generally used for, or that they were suitable to be used in, the manufacture of prohibited liquors and beverages. In the absence of such proof the affirmative charge requested by defendants was in point and should have been given. Its refusal was error.

Reversed and remanded.