188 So. 270

## YOUNG v. STATE.

### 8 Div. 724.

Court of Appeals of Alabama.

March 21, 1939.

Rehearing Denied April 18, 1939.

Murphy & Pounders, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense denounced by Code 1923, § 4656, viz.: having "in possession * * * (a) still, apparatus, appliance, or * * * device or substitute therefor, to be used for the purpose of manufacturing * * * prohibited liquors or beverages."

It is without dispute that the articles found by the officers making the raid resulting in appellant's arrest, the possession of which articles was claimed to be in appellant, did *not* constitute a complete still,— "to be used for the purpose of manufacturing prohibited liquor," or for any *other* purpose.

So, before appellant's conviction can stand—waiving, for the time being the question of whether or not he was shown to be *in* the possession of the articles in question—resort must be had to Code 1923, § 4657 (the same as Section 2 of the Act approved Sept. 30, 1919—Gen.Acts Ala.1919, p. 1086), which establishes a rule of evidence to be applied in trials under Code, § 4656, supra.

"Under the rule of evidence established by section 2 of said act [Code, § 4657, supra] * * * in order that the testimony shall constitute prima facie evidence of the violation of said act [the pertinent part of which is now Code Sec. 4656] by the accused, the state must show by the required rules of evidence, that is to say, beyond a reasonable doubt, not only that the defendant had unexplained possession of any part or parts of a still, apparatus, appliance, or some device or substitute therefor, but the state must go further and prove that such part or parts of a still, apparatus, appliance, or some device or substitute therefor *was commonly or generally used for* or that *it was suitable to be used in* the manufacture of prohibited liquors and beverages." (Italics ours.) Wilson v. State, 20 Ala.App. 62, 100 So. 914, 915.

As said by Mr. Chief Justice Anderson for the Supreme Court, in denying the writ of certiorari to this court in the Wilson case, supra: "Section 1 of the Prohibition Act of 1919, p. 1086 [now Section 4656 of the Code of 1923, we interpolate], makes it unlawful, among other things, for one 'to * * * have in possession any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages.' It would therefore be a violation of this law if he possessed any of the above-mentioned articles for the purpose of manufacturing prohibited liquors, whether such devices were or were not generally used or are suitable to be used for such purpose.

"Section 2 [Code, § 4657, now, we insert], however, deals with proof essential to a prima facie case, and, in order for the possession of the articles there enumerated

to make out a prima facie case, they must be of such character as is in common use or suitable to be used for the purpose of manufacturing liquor." Ex parte State ex rel Davis, Attorney General, Wilson v. State, 211 Ala. 574, 100 So. 917.

■ We have cited, and quoted from the opinion in our case of Wilson v. State, supra, and the opinion by the Supreme Court denying certiorari in same, because this was the first case construing Sections 1 and 2 of the Act approved Sept. 30, 1919, supra (now Sections 4656 and 4657 respectively of the Code of 1923).

In cases far too numerous to cite the interpretation given this Section 2 of the above mentioned Act (Code, § 4657) in the said Wilson case has been re-affirmed—with never a change. See Shepard's Ala. Citations; also the annotations following Code, §§ 4756 and 4757 in Michie's Ala. Code of 1928, and in the Supplement to same of 1936.

It is only for the possession of a completed, or complete, "still, apparatus, appliance or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages" for which one may be convicted under Code, §.4656. Authorities supra.

But, under Code, § 4657,."the unexplained possession of any *part or parts* of any still, apparatus, or appliance, or any device or substitute therefor, *commonly or generally used for,* or that is *suitable to be used in,* the manufacture of prohibited liquors and beverages shall be prima facie evidence of violation" of Code, § 4656. (Italics supplied by us.)

■ And we may not take judicial knowledge of whether or not certain articles are commonly used for, or are suitable to be used in, the manufacture of prohibited liquors. Dabbs v. State, 20 Ala.App. 167, 101 So. 220.

[3] Applying, then, the rules that obtain to the evidence disclosed by the bill of exceptions sent up here on this appeal, we are driven to the conclusion that the verdict of conviction must be reversed because of the refusal of the trial court to give to the jury at appellant's request the general affirmative charge to find in his favor. And this because nowhere in the testimony do we find a word as to the articles of which appellant was claimed to be in possession being such as were "commonly or generally used for, or that is (were) suitable to be used in," the manufacture of prohibited liquors and beverages.

So, waiving, as being here unimportant, all other questions, for the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.