5 So.2d 651

## HILL v. STATE.
### 4 Div. 695.

Court of Appeals of Alabama.
Jan. 13, 1942.

Chauncey Sparks, of Eufaula, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

RICE, Judge.

The indictment on which appellant was tried consisted of two counts: The first charging that he "did manufacture, sell, give away, or have in his possession a still or apparatus or appliance, or some devise (sic) or substitute therefor to be used for the purpose of manufacturing or distilling prohibited liquors or beverages contrary to law;" and the second charging that he "did distill, make or manufacture alcoholic or spirituous liquors or beverages, contrary to law." His plea was: "Not guilty."

The verdict of the jury was: "We, the jury find the defendant guilty."

Whereupon, the court entered, vitally, the following judgment: "It is therefore considered by the court, and it is the judgment of the court that the defendant is guilty as charged in the indictment. And it is ordered, adjudged and decreed by the court that the defendant be imprisoned in the penitentiary of the State of Alabama for a period of 13 months."

Of course the first count of the indictment charged one offense; and the second, another. But the two offenses were properly included in the same indictment. Code 1923, Sec. 4645, Code 1940, Tit. 29, § 120. Besides, they were "of the same general nature;" were of the "same family of crimes;" and the "mode of trial and nature of punishment" were also the same.

Appellant's able counsel contends here that the trial court was in error in not ex mero motu refusing to receive the verdict of the jury as returned.

But we think the law applicable is found stated by our Supreme Court in the opinion in the case of Cawley v. State, 37 Ala. 152, to-wit: "It is objected, that a general verdict of guilty is not sufficient, where distinct offenses, as those of larceny from a dwelling-house and larceny from a shop, are alleged in different counts. After an elaborate and careful review of the authorities, we feel safe in announcing the conclusion, that 'two offenses committed by the same person, may be included in the same indictment, where they are of the same general nature, and belong to the same family of crimes, and where the mode of trial and nature of punishment are also the same;' and also, that *a general verdict of guilty, where such offenses are joined, is no ground for an arrest of judgment, or of error, where the sentence pronounced does not impose a greater punishment than that prescribed for one offense.* Our conclusion is fully sustained by the authorities cited below.— Johnson v. State, 29 Ala. 62, (65 Am. Dec. 383); 1 Arch.Crim.Pl. 95, and notes; Whar.Am.Cr.Law, 422; United States v. Peterson, (Fed.Cas.No.16,037), 1 Woodb. & M. 305; State v. Haney, 8 N.C. 460; 1 Arch.Cr.Law, 175–6; Booth v. Commonwealth, 5 Metc. (Mass.) 535; Carlton v. Com. [5 Metc., Mass.] 532; Kane v. People, 8 Wend. [N.Y.] 203; State v. Hooker, 17 Vt. 658; State v. Coleman, 5 Port. 32; Mose v. State, 35 Ala. 421." (Italics supplied by us). And see Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L.R.A., N.S., 412.

It results that, in our opinion, and, we hold, there is no pith in the elaborate argument of appellant's counsel to the effect that there was reversible error in the action of the trial court in accepting the general verdict of guilty as above set

out—it being plain that the "sentence pronounced does not impose a greater punishment than that prescribed for one offense,"—that is, one of the offenses with which appellant was charged by the indictment. Code 1923, Sec. 4656, Code 1940 Tit. 29, § 131; Code 1923, Sec. 4658, Code 1940 Tit. 29, § 133; Code 1923, Sec. 4627, Code 1940, Tit. 29, § 103.

The testimony of the witness Bill Irby, a deputy sheriff of the county, was clear, direct, and positive to the effect that appellant was guilty as charged. This witness definitely and positively identified the defendant at the bar—the appellant, here—as the man he saw at the still actively making, or assisting in the making of, whiskey.

The only way the jury could have acquitted the defendant was to have utterly disregarded this deputy sheriff's testimony.

Appellant's distinguished counsel has filed here the most vigorous brief insisting, in one way or another, that the trial court erred in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor. Or, failing that, in overruling his motion to set aside the verdict of the jury and grant him another trial.

We have followed his argument, carefully. And do not regret the time consumed. We have at least learned something concerning the art, or science, of argumentation.

■ As we get it, appellant's argument is: That because the witness Bill Irby did not know appellant's name at the time he saw him (or said he saw him) at the still, engaged in distilling the whiskey; and because he procured his name from one Ed Fountain, appellant's co-conspirator appellant could not be convicted before and unless Ed. Fountain was corroborated, according to Code 1923, Sec. 5635, Code 1940, Tit. 15, § 307. And such argument is vastly elaborated—with citation of a long list of authorities.

But we are not persuaded.

Appellant's guilt vel non in no sense depended on the testimony of the co-conspirator Ed Fountain. He was identified by the witness Bill Irby as the man said witness saw engaged in making whiskey. And whether or not Bill Irby knew his name,—or whether or not he even had a name—would make no difference as to his guilt.

At most, since he went away from the still before Bill Irby arrested him, his name was but a convenience to the law in getting him to the bar of justice. It made him neither guilty nor not guilty.

As we see it, the authorities cited in the brief filed here on behalf of appellant are beside the point. But the argument is ingenious.

Some other matters are treated in said brief, but surely we need not consume the space to discuss them here.

The case, stripped of intricate argument, is one of the simplest.

The State's testimony pointed clearly to appellant's guilt. His own, and that of his witnesses, pointed the other way.

■ The issues were properly submitted to the jury. Their verdict should not be disturbed; nor should we disturb the judgment rendered thereon.

It is affirmed.

Affirmed.