90 So.2d 164

**Patrick JOHNSON**

v.

**STATE.**

**7 Div. 400.**

Court of Appeals of Alabama.

Oct. 16, 1956.

Hugh Reed, Jr., Centre, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was indicted jointly with three others for the offense of the illegal possession of a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

At the request of the State a severance was granted and defendant was tried separately. He was found guilty by a jury and was by the court sentenced to imprisonment in the penitentiary for a term of fifteen months.

The indictment was in code form and was sufficient against demurrer. Code 1940, Title 15, Section 259, Subsec. 76; Smith v. State, 36 Ala.App. 646, 62 So.2d 473; Conner v. State, 20 Ala.App. 613, 104 So. 554.

The Attorney General's brief concisely states the Sheriff's testimony in this manner:

The Sheriff of Cherokee County testified that he saw appellant driving a car on February 11, 1954. Appellant stopped the car on a country road in Cherokee County. Three other men were with appellant and "They took a condenser, some jugs and a lard can out of the car, and set them in the edge of the woods." Following that appellant and one of the men drove up the road about one-quarter of a mile, parked, and then came back up a road with an ax and a saw.

A still was found located about 75 yards from where the car was originally stopped. The Sheriff testified that all the things necessary to make a still were present. Two stills were found, one was old and rotted and one was good and usable. The appellant was cutting spruce pine with the ax when arrested. When he was arrested he took one or two steps as if to run. One of the men was with appellant when he was arrested and two others were at the still cleaning it out. There was no house within five or six miles of the still. When the Sheriff followed appellant's car out of the woods the radiator boiled over.

The Deputy Sheriff, Elbert Roberts, testified to substantially the same facts as did the Sheriff, except that he said he was hiding behind a tree at the time the car stopped and couldn't see whether defendant helped to unload the automobile or whether he was the man using the ax. Witness stated the defendant did not try to flee.

He testified there was a sufficient quantity of beer in a vat at the still site to produce 20 gallons of liquor.

The defendant denied any knowledge of the still and denied having the condenser or any such appliance in his automobile. He testified that he and his companions were hunting water for the car and two of the men took buckets and went looking for water while he and the other man drove on to the fork of the road and started walking back when they were accosted by the officers. He testified he had no ax when arrested and that he made no attempt to run.

On rebuttal the Sheriff testified there was a stream of water in plain view of the car and that appellant did have an ax when arrested.

Insistence is made that defendant was entitled to have given at his request the general affirmative charge, because the proof not only fails to show that the articles found by the officers were commonly or generally used for or suitable to be used in the manufacture of prohibited liquors, but that it also fails to show possession by defendant of such articles.

■ Where the State relies on the rule of evidence created by Section 132, Title 29, Code 1940, to show a violation of Section 131 of said Title, it is necessary to prove (1) possession by the defendant of the articles designated, and (2) that such article or articles are commonly or generally used for or suitable to be used in the manufacture of prohibited liquors or beverages. And unless both of said elements are established the defendant is entitled to the general affirmative charge. Stover v. State, 36 Ala.App. 696, 63 So.2d 386, and cases there cited.

■ "If one possesses a complete still it matters not if it be generally or commonly used, or suitable for the manufacture of prohibited beverages, if the still is possessed for the purpose of such manufacture. Wilson v. State, 211 Ala. 574, 100 So. 917; Young v. State, 28 Ala.App. 491, 188 So. 270." Hudson v. State, 33 Ala.App. 217, 31 So.2d 771, 773, certiorari granted for insufficiency of evidence, 249 Ala. 372, 31 So.2d 774.

Here, the evidence for the State was to the effect that although it was not connected up and was not in operation, all of the parts necessary to constitute a still were found. In Pouncey v. State, 22 Ala. App. 455, 116 So. 803, 804, Presiding Judge Bricken said: "The evidence is conclusive and without dispute that several unassembled parts of a still were at the place in question, but there was no evidence that all the necessary parts of a still outfit were there; a worm and probably other necessary parts were missing." The clear inference to be drawn from this language is that one may possess a complete still if all the necessary parts are present although it is not assembled.

Too, both officers testified the condenser "was the same type and kind condenser that is used in the manufacture of whiskey." We think this equivalent to a showing that such article was commonly or generally used in the manufacture of whiskey.

In Elmore v. State, 21 Ala.App. 410, 109 So. 114, the court said: "Wherever a defendant is shown to be present at a still, any fact or circumstance, however slight, tending to show participation either as a principal or as aider or abettor may authorize the jury to find a verdict of guilt which will not be disturbed on appeal."

■ The evidence here presented a question for the jury's determination and was sufficient to justify a conviction. The general charge was properly refused.

■ We do not accord merit to appellant's insistence that charge 2 was improperly refused. The charge does not hypothesize the jury's belief as from the evidence. Bush v. State, 211 Ala. 1, 100 So. 312. Also, this charge was covered by given charge 3 and by the court's oral charge.

■ Other charges refused to defendant were mere statements of legal principles, without instruction as to their effect upon or application to the issues involved, Holloway v. State, 37 Ala.App. 96, 64 So. 2d 115, asserted incorrect propositions of law, or were adequately covered by the court's charge or charges given at defendant's request.

We find no reversible error in the record and the judgment of the trial court is affirmed.

Affirmed.