97 So.2d 833

Joseph BLACK

v.

STATE.

8 Div. 135.

Court of Appeals of Alabama.

Oct. 22, 1957.

Hoyt Long, Guntersville, for appellant.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged in count one manufacturing prohibited liquors, and in count two the illegal possession of a still for the purpose of manufacturing prohibited liquors. The jury returned a general verdict of guilty. Punishment was fixed at imprisonment in the penitentiary for a term of three years.

The evidence for the State tends to show that on August 20, 1956, Arnold Baker, a federal investigator, and Hubert Hipp, a deputy sheriff of Marshall County, observed defendant and two other men working at a still. The still was of the tank type, partly buried in the ground, with the furnace, which was fired by an oil burner around the side. The still contained about 125 gallons of mash. While the officers watched, one of the men lit the fire under the mash in the still. There were also 125 gallons of mash in a steel fermenting vat. The outfit was not completely hooked up. Mr. Baker testified that to make whiskey on that still, "at first they have to heat it up to get it boiling. Then they have to put the rest of their equipment up and start making whiskey; when they build their fire they don't have to hook it up right there." He stated further that the fire is run through the "drum flake stand that the condenser sets down in. They have got a pipe coming out of the condenser which will go in the hole they were working on in the flake stand and then they fill the drum full of water and that turns the vapor into whiskey when it comes out." Defendant and one of the other men were working on the drum flake

stand. "They had a hammer and chisel and were chiseling out the hole where the pipe leading from the condenser will go through that * * * so they will be able to operate the still."

After the officers had watched for fifteen minutes the men went away and in a short time came back up the still trail carrying supplies. Upon seeing the officers they dropped the supplies and fled, but were apprehended. The articles the men were carrying consisted of five gallon jugs, a can of fuel oil and a steam line. Mr. Baker testified the still parts were all there, condenser, flake stand, cap and with this steam line the men were carrying connected to the other parts, the still would have been complete, and that the "outfit" was suitable to be used for the purpose of manufacturing whiskey.

Mr. Hipp testified the still was a "complete outfit," and was what is "known or commonly used or suitable to be used" for the purpose of distilling or manufacturing whiskey.

The officers stated defendant admitted he had been working at the still, but that he said it did not belong to him. He refused to sign a written statement.

Defendant testified that he was merely taking a stroll through the woods and knew nothing about the existence of the still until the officers arrested him and took him there. He denied the admission testified to by the officers, and stated he told them he didn't know the still was there and had nothing to do with it.

In Brasher v. State, 21 Ala.App. 463, 109 So. 369, the court said:

" 'They (defendant and another) had six or eight barrels of beer there ready to make liquor and the still was full of beer.' If the beer was ready to make liquor it contained alcohol, and if it contained alcohol its manufacture was a violation of law. Glaze v. State, 20 Ala.App. 7, 100 So. 629." See also Stover v. State, 36 Ala.App. 696, 63 So.2d 386.

We think the fact that the mash, made from wheat bran and sugar, was fermenting in the still cooker, and was "ready to be run," coupled with the fact that a fire was burning under the cooker was evidence from which the jury could reasonably infer that it was ready to make liquor, and, therefore, contained alcohol.

As to the second count of the indictment, the defendant insists the proof not only fails to show possession by defendant of the articles designated, but also failed to show that such articles were commonly or generally used for or suitable to be used in the manufacture of prohibited liquors.

The State's evidence was to the effect that all parts necessary to constitute a complete still were present, although it was not completely connected up.

"If one possesses a complete still it matters not if it be generally or commonly used, or suitable for the manufacture of prohibited beverages, if the still is possessed for the purpose of such manufacture." Wilson v. State, 211 Ala. 574, 100 So. 917; Young v. State, 28 Ala.App. 491, 188 So. 270; Hudson v. State, 33 Ala.App. 217, 31 So.2d 771, 773, certiorari granted for insufficiency of evidence, 249 Ala. 372, 31 So.2d 774. See also Johnson v. State, 38 Ala.App. 590, 90 So.2d 164; Pouncey v. State, 22 Ala.App. 455, 116 So. 803.

Moreover, the officers' testimony showed that the "outfit" was "commonly used or suitable to be used" in the manufacture of whiskey. Johnson v. State, supra.

The evidence as to defendant's presence at the still and his acts and conduct indicating an interest therein, presented questions for the determination of the jury and was sufficient to justify a conviction of unlawfully possessing the still. Elmore v. State, 21 Ala.App. 410, 109 So. 114.

Under the evidence the defendant was not entitled to the general charge as to either count of the indictment. There was likewise no error in the overruling of the motion for a new trial on the ground of the

insufficiency of the evidence to sustain the conviction.

▉▉ The verdict is general, hence it is a verdict finding defendant guilty on each count. In Hill v. State, 30 Ala.App. 332, 5 So.2d 651, the court held the trial court was not in error in accepting the general verdict of guilty, where the indictment charged in two counts manufacturing whiskey and possession of a still, if "the sentence pronounced does not impose a greater punishment than that prescribed" for one of the offenses charged in the indictment.

The judgment pronounced by the court was that "the defendant is guilty of the offense of distilling as charged in the indictment." The judgment was sufficient. Casey v. State, 19 Ala.App. 317, 97 So. 165; Sexton v. State, 23 Ala.App. 318, 127 So. 497.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.